Lewis, Ch. J.
delivered the opinion of the court. An application is now made for a venire de nova, on the ground of misdirection on the second point of defence.
The defendant having been the mere bearer of the writ (which was an execution in his own suit) from the justice to the constable, can neither be considered as a - bailiff, or deputy, *within the letter or spirit of the [*258] statute, and, of course, not entitled, under the general issue, to give the special matter in evidence, by way of justification. The testimony, as it was offered, was, therefore, properly rejected. There is, however, a point of view, under which, had it been presented, it would have been proper, and ought to have been admitted. The only ground on which the liability of the defendant is contended for is, his having directed the officer, when he delivered him the process, to arrest and imprison the plaintiff. If, then, it could have been shown that the arrest and imprisonment was not a consequence of his instructions to the officer, but in pursuance of a competent and paramount authority, his plea would have been substantiated, and a verdiet would have passed for him. For if the arrest and imprisonment was the effect of any other cause than the instructions he gave the officer, he was, emphatically, not guilty, and it was not a case for justification. We are, therefore, of opinion, the verdict be set aside; but it must be on payment of costs, as no misdirection appears. See Schermerhorn v. Tripp, 2 Caines’ Rep. 108. n.[1]
New trial, on payment of costs.

 See also Code of Procedure, s. 149, et seq.