Gardiner, J.
 

 delivered the opinion of the court.
 

 The plaintiff in the first instance established, by the clearest evidence, his cause of action. The question is, whether the defendant, under the plea of not guilty, could prove a regular judgment and execution, or pither of them, in bar or in mitigation of damages. This is the most, favorable view for the defendant. For, if he was not authorized to give the process or judgment in evidence, it is certain that parol evidence to that effect would be inadmissible.
 

 Chi tty remarks, “that in trespass to persons, a justification under civil process, mesne or final, must always have been pleaded specially.” (1
 
 Chitty’s Pl.
 
 540.) He adds “ that no one is compelled to justify, who is not prima facie a trespasser. And that the plea of not guilty is therefore proper, in trespass to persons, if the defendant committed
 
 no
 
 assault, battery, or imprisonment.”
 
 (Id.
 
 539.) These principles are elementary, and decisive of the present case. In trespass, all who aid or assist are principals.
 
 (Id.
 
 124;
 
 Bacon’s Abr. tit. Trespass, G.)
 
 The defendant, therefore, by directing the arrest and imprisonment, was guilty of both, in contemplation of law he committed those acts. This the evidence offered did not rebut, or tend to disprove. On the contfary, the offer was. an admission, that prima facie he was guilty of the acts, which were charged and proved upon the trial. The evidence proposed would establish that those acts were
 
 rightfully
 
 committed by virtue of legal process, and under the paramount-authority of law. This, by whatever name it is called, is a justification and nothing else.
 

 The case of
 
 Herrick
 
 v.
 
 Manly,
 
 (1
 
 Caines,
 
 253,) is undoubtedly an authority for the defendant, and the only one in this state or elsewhere, that has been discovered. Manly recovered a judgment against Herrick; execution was issued, and delivered by Manly to the constable, with a request that he should imprison Herrick, on the writ thus delivered. This was done. The court held, without the point being raised by counsel, “ that if it could have been shown, that the arrest was not a conse
 
 *520
 

 queues
 
 of the defendant’s
 
 instructions,
 
 but in pursuance of a competent and paramount authority, his plea of not guilty would have been substantiated, and a verdict would have passed for him. For if the arrest and imprisonment was the effect of
 
 any other cause,
 
 than the instructions he gave the officer, he was emphatically not guilty, and it was not a case for justification.” The error in this reasoning, it is believed, consists in distinguishing the request to arrest, from the arrest itself, instead of viewing both, as .the law regards them, as inseparably connected. (1
 
 Chitty,
 
 91; 5
 
 Denio,
 
 95.) If the “ competent and paramount authority” had been wanting in that case, the request. would have made Manly a principal in the assault and false imprisonment. He would not be permitted to show that the act was not the consequence of the request, which the law adjudges to be part and parcel of the act itself. No man is allowed to incite another to a trespass, and after its commission, to give his want of influence in evidence in bar of an action. Such a principle would enable a man to encourage another to commit murder in his presence, and then to escape upon the ground that the homicide was malicious enough to have done the same thing, if he had remained silent. The law, however, with a sounder morality, adjudges the abettor guilty of murder. So on the contrary, where the arrest, considered as the act of the defendant, through the officer, is made lawful by competent authority; the request partakes of the nature of the act, or rather is merged in it, and becomes lawful also. (10
 
 Mod.
 
 24.) The motives of the officer are immaterial, and not traversable. (12
 
 Mod.
 
 387.) In trespass, so completely is the defendant who gives directions identified with the acts of the officer, that he is frequently responsible, where the latter is excused. Such is the case in the familiar instances of an arrest, or a levy upon goods by the request of a party, upon an execution in his favor, valid on its face but unauthorized by a judgment. The doctrine of
 
 Herrick
 
 v.
 
 Manly
 
 would leave a party who had thus been deprived of his liberty, or stripped of his property, remediless. The defendant, when sued, could insist that he only gave
 
 instructions,
 
 and mere words did not amount to a trespass. The sheriff
 
 acted,
 
 and would undoubtedly swear that he would not
 
 *521
 
 have interfered without the execution, which to him was a personal protection, and “ a paramount authority.”
 
 (Savacool
 
 v.
 
 Boughton,
 
 5
 
 Wend.
 
 170,
 
 and cases; id.
 
 238, 243.) Neither in the case cited, nor in the present, was there any attempt to show that the defendant had not given the directions to the officer, that the plaintiff had not been arrested and imprisoned, but to prove that all had been done by commandment of law; and that consequently a request to an officer to do that which the law makes it his duty to perform, is no trespass. This is true and equally so, whether the request had or had not influence with the officer. If the latter had testified that he would not have made the arrest at the time, without the direction of the defendant, both would have been justified, if in fact the officer had legal process upon a regular judgment, authorizing the imprisonment of the plaintiff. This has been repeatedly held in much stronger cases than that in Caines, or the present. (12
 
 Mod.
 
 387;
 
 Bacon’s Abr. tit. Trespass D. p.
 
 660.) The offer to prove a paramount authority by virtue of which the plaintiff was imprisoned, was therefore an offer to le galize the
 
 acts
 
 of the
 
 defendant,
 
 by virtue of a valid process duly issued. This would have been a complete justification; which according to Chitty, always has been, and we think always should be, pleaded specially, where the rules of the common law prevail. ,
 

 The judgment of the supreme court must be reversed, and that of the common pleas affirmed.
 

 Ordered accordingly.