Green *v.* Kennedy.

[ALBANY GENERAL TERM, March 6, 1865.    *Peckham, Miller* and *Ingalls,* Justices.]

———— • ◆ • ————

## GREEN *vs.* KENNEDY.

In trespass all who aid or assist are principals.   Hence one who directs the imprisonment of another is guilty of the imprisonment.

Where a superintendent of police tells the officer who has made an arrest to take the prisoner back and lock him up, in contemplation of law he does the act which the officer does in following the direction.

He is not permitted to show that the act was not the consequence of the request, which the law adjudges to be part and parcel of the act itself.

He can not direct a trespass, and after its commission escape upon the ground that the officer violated his duty in obeying the direction.

When a person is arrested without warrant, and the law requires that the person so arrested shall be " immediately and without delay " conveyed before the nearest magistrate, it is the plain duty of the superintendent of police in New York to govern his force accordingly, and not to direct the imprisonment of the person arbitrarily, and without process of law, for several days.

THIS is an action brought by the plaintiff against the defendant for an alleged assault and battery, and false imprisonment.   The action was tried on the 27th day of

Green *v.* Kennedy.

January, 1864, before Justice LEONARD, and a jury, at the circuit. The plaintiff claims that the following facts were established on the trial : That the plaintiff was arrested by a police officer, without warrant, at the Eighth Ward station house, in the city of New York, and taken before Superintendent Kennedy, the defendant, who ordered the plaintiff to be taken back and locked up. The plaintiff was imprisoned by the defendant's orders, for the space of eight days. On the trial, the counsel for the defendant moved to dismiss the complaint so far as the charge of assault and battery was concerned, on the ground that the evidence failed to establish that the defendant authorized the said assault and battery, or in any wise was made cognizant of it, or in any way ratified it, or that he was in any wise connected with it. The court denied the motion, to which denial the defendant excepted. The counsel further moved that the complaint be dismissed so far as the first charge, of the arrest, was concerned, for the reason that the evidence failed to establish that he sanctioned, or was in any wise connected with, the original arrest of the plaintiff. The court denied the motion, and the defendant, by his counsel, excepted. The counsel further moved that the complaint be dismissed for the reason that it was not shown, nor did the law presume, that Mr. Kennedy was in any wise empowered to terminate the plaintiff's detention, or that he had any control whatever over it, when the plaintiff, as the evidence shows, was arrested and detained before he was brought before the defendant, and that therefore the evidence established no liability against the defendant. The court denied the motion, and the defendant excepted.

The jury found a verdict in favor of the plaintiff for $325 damages, and from the judgment entered thereon, the defendant appealed.

*Brown, Hall & Vanderpoel,* for the appellant.

*S. Hosford,* for the respondent.

Green *v.* Kennedy.

*By the Court,* GEO. G. BARNARD, J. In trespass, all who aid or assist are principals. (*Bacon's Abr. title Trespass G.*) The defendant, by directing the imprisonment of the plaintiff, was guilty of it, when he told the officer who made the arrest to take the plaintiff back and lock him up, in contemplation of law he did the act which the officer did who followed the direction. He is not permitted to show that the act was not the consequence of the request, which the law adjudges to be part and parcel of the act itself. He can not direct a trespass and after its commission escape upon the ground that the officer violated his duty in obeying the direction. The action is made out, and no justification is pretended for the trespass committed by the defendant's direction. (*Coats* v. *Darby,* 2 *N. Y. Rep.* 517.) It was the defendant's duty to direct the plaintiff to be taken before a magistrate. The law required the officer to do that, and the superintendent is the executive head of the police force, and has the direction and control of it, subject to the rules and regulations of the board of police. He is to see that his force executes the law. When a person is arrested without warrant and the law requires that the person so arrested be " immediately and without delay " conveyed before the nearest magistrate, it is the superintendent's plain duty to govern his force accordingly, and not to direct the imprisonment of the person, arbitrarily and without process of law, for the space of eight days. The knowledge that this imprisonment continued for this length of time did aggravate the defendant's offense, and upon that point the charge was right.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Sutherland* and *Davis,* Justices.]