Murray *v.* Oliver.

JOHN MURRAY *et al.*, APPELLANTS, *v.* SAMUEL H. OLIVER *et al.* RESPONDENTS.

*Appeal from Benton County.*

USURIOUS CONTRACT.—An agreement under the statute of 1854 to compound interest oftener than once a year, cannot be enforced; *but held*, that it does not vitiate the contract as to the principal sum secured and simple interest.

THE facts are stated in the opinion.

*Thayer & Burnett,* for the appellants.

If the language, is ambiguous the plaintiff is entitled to that construction of the contract that will give it legal effect. (3 Cowen, 290; 2 Parsons on Con. pp. 12 and 500; Edwards on Bills, 360; 3 Story, 122; 25 Maine, 401.)

The statute of 1854 fixes no penalty for contracting for excessive interest. The contract is not void. (12 How. 79; 13 Maryland, 203; 9 Peters, 399.)

An agreement to pay compound interest is not usurious. (3 Ohio, 17; 4 Id. 373; 22 Barb. 124; 29 N. Y. 337; 8 Mass. 256.)

Note in hand of innocent purchaser is good unless the statute declares it void. (6 Wend. 615; 2 Hill, 499; Chitty on Bills, 104.)

Severable contract. (10 Pet. 360; 1 Wallace, 222.)

This being a suit in equity on a covenant to pay, the limitation of six years does not apply. (32 Miss. 224; 1 Cal. 497.)

*Chenoweth, Stout & Kelsay,* for the respondent.

I. The law in force when the note sued on was made, prohibited the making of any contract whereby the interest should be compounded oftener than once a year. (Laws of Oregon, 1856, p. 532, secs. 3–4.)

II. The compound interest demanded in this suit is usurious, being prohibited by statute. (3 Parsons on Cont.

p. 107; 6 Johns. Ch. R. pp. 314–315; 2 Cushing R. p. 92; 1 Wend. R. 522; 23 Pick. 168; 1 Bovier Ins. 300, 450–4; 3 Parsons on Cont. 108, note; 5 Abbott's Digest, p. 312, sec. 180.)

III. The contract sued on is entire and not divisable, and being illegal, is void. (See 1 Pars. on Cont. 456; 2 Peters, p. 541; 1 Wharton's Law Dictionary, 179; 2 Pars. on Cont. pp. 520–1–2.

IV. This contract not being apportionable compound interest cannot be collected. (As to Statute of Limitation— 18 Cal. 482; 9 Texas, 588.)

Boise, J. This is a suit to foreclose a mortgage executed by the respondent, Oliver, July 26th, 1861, to one Ira Bristol, and by him assigned, for value, to the appellants, July 15th, 1862.

The complaint sets forth the note and mortgage upon which this suit is based, and the respondent Oliver demurs, and assigns as ground of demurrer, that the said note is usurious and void. The court below sustained the demurrer, and gave a decree for the defendants for costs.

The note which is claimed to be usurious is as follows:

"$200.00.

"BENTON COUNTY, OREGON, July 26th, 1861.

"One year after date, for value received, I promise to pay Ira Bristol, or order, two hundred dollars, with interest at the rate of thirty per cent. per annum until paid, and interest to be paid semi-annually, and if not paid when due, the interest to be compounded at the same rate.

"L. H. OLIVER."

We think this contract divisible. There is an agreement to pay the principal and interest at the end of one year from date; then it is stipulated that the interest shall be paid semi-annually, and if not paid when due, the unpaid interest to bear interest at the same rate.

The statute of 1854, which was in force at the time this note was made, provided, that the parties to any note might

stipulate, that if the interest was not punctually paid, such interest should draw interest and become a part of the principal, but it provided that the interest should not be compounded oftener than once a year; but that statute did not provide any penalty or forfeiture, in case interest should be compounded oftener. It would therefore result in rendering void the contract to pay interest semi-annually, and would not vitiate the contract to pay the principal sum with interest at thirty per cent. It has been held in England and in New York, that an agreement to pay interest upon interest which is to acrue subsequently, cannot be legally enforced; although it does not render the agreement void, so as to prevent the recovery of the principal. Edwards on Bills and Notes, page 358; 5 Paige Ch. R. 98; 1 Barb. 632.) It would seem, then, that if in cases where the law does not allow the reservation of compound interest, in the original contract, that such reservation in the contract does not render the contract void, so as to prevent the recovery of the principal and simple interest; the contract, in this case, reserving interest to be compounded semi-annually. Where the statute provides that it shall be compounded but once a year, does not render void the note, so as to prevent the recovery of the principal and simple interest. It seems to me that the cases are parallel.

In many of the states, the rule in the English law has been relaxed, and compound interest can be reserved on the original contract. (*Pierce* v. *Rowe,* 1 N. Hamp. 179; *Kennon* v. *Dickens,* Com. and Nor. Rep. 357; *Greenleaf* v. *Kellogg,* 2 Mass. Rep. 568.)

It has been held in Ohio, that where there was an agreement to pay annual interest upon the original sum due, and afterwards the parties computed the interest upon the annual interest from the time such interest became due, and included the same amount in a new security, such interest was not usurious.

In the case of *Mowry* v. *Bishop et al.* (5 Paige Ch. Rep.), the chancellor says : "In this state" (New York) "it appears to be settled, that an agreement to pay interest upon

interest which may accrue after the making of such agree- ment, cannot be legally enforced, although it does not ren- der the agreement usurious."

And I think the rule in this state, under the statute of 1854, should be, that an agreement to compound interest oftener than once a year, cannot be enforced, but does not render the agreement void as to the principal sum secured, and simple interest is stipulated by the parties.

Judgment reversed.