JOHN SOUTHWELL, RESPONDENT, v. JOSEPH BEEZLEY, APPELLANT.

NONSUIT WILL NOT BE GRANTED WHERE THERE IS ANY EVIDENCE.—A cause should be submitted to the jury, unless there is an entire lack of evidence to establish the allegations of plaintiff's complaint.

CONTRACT, SEPARABLE OR ENTIRE.—The question as to whether a contract is entire or separable, depends to some extent upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract.

SEPARABLE CONTRACT, IN PART BAD.—When a contract bad in part is separable, the court will enforce the valid part. Where there is no imputation of malum in se, the bad parts will not affect the good.

STATUTE OF FRAUDS.—Where the parties must have expected that the contract would not be performed within a year, and yet by the terms of the contract it might have been so performed, the contract is not within the statute of frauds.

APPEAL from Wasco County.

The facts are stated in the opinion of the Court.

*J. C. Cartwright and Thayer & Williams*, for Appellant.

*W. H. Effinger*, for Respondent.

By the Court, BURNETT, J.:

This action was brought by the respondent against the appellant for damages, for the violation of a contract. The appellant, after denying the allegations in the complaint, set up, among others, the following affirmative defenses: That the contract sued on was not in writing, and was not to be performed within one year from the making thereof; that said agreement was for the sale of personal property for a price of more than fifty dollars, and that respondent, at the time of said agreement, did not accept or receive any part of such personal property, and did not pay any money.

The contract sued on is, in effect, as follows: In March, 1873, the respondent and the appellant made an oral agreement, by the terms of which appellant was to sell respondent six hundred head of ewe sheep, provided that respondent would go into partnership with appellant's son, to whom appellant was to give six hundred head; the appellant was to furnish twelve hundred head on his own account. The respondent and the son of appellant were to hunt up a sheep ranch and fit it up, and the whole number of sheep (twenty-four hundred), were to be put together and herded, and kept thereon for three years, when they were to be divided, and each party was to receive his interest in the proportion, as aforesaid; that respondent was to pay appellant, for the six hundred sheep which he was to receive under the agreement, the same price which the appellant would have to pay for the sheep which he proposed to buy during the summer and fall of 1873, and to pay the same from the wool or clip of the sheep during the said three years; that the increase was to remain, and was not to be divided until the final division at the end of three years; that the sheep were to be delivered on the first day of the following September; that they were to be delivered in one

band of twenty-four hundred head. No particular sheep were to be delivered to the respondent as his six hundred head, but he was to have an undivided fourth part of the twenty-four hundred head; that it was intended the delivery should be in one band, which should contain the interest of all parties; that the respondent and the appellant's son were to receive twenty dollars per month for herding the appellant's portion of the sheep during the three years, and were also to receive twelve dollars per ton for one half of the hay put up each year.

After the respondent had rested his case in the court below, the appellant moved for a judgment of nonsuit, on the ground that the contract sued on is invalid under the statute; that by its terms, as shown by the evidence, it was not to be performed within one year; that the respondent acquired no vested interest in the sheep under the same or by any act of the parties; that the sheep were not delivered so as to constitute a sale. The court overruled the motion, and this is assigned as error.

The rule on this subject, as laid down by the court at the present term, is, that a cause should be submitted to the jury, unless there is an entire lack of evidence to establish the issues on the part of the plaintiff. Applying this rule to the case in hand, we are of the opinion that the judgment of the court in overruling the motion is correct. The evidence, as contained in the bill of exceptions, tended strongly to show that the contract was as set out herein, and was not invalid to the extent of preventing the plaintiff from recovering. It tended further to show that there had been a delivery of the sheep in question to the plaintiff by the defendant, and the court would not have been justified in taking the case away from the jury.

When this case was before this Court, at the term before the last, one of the questions raised by this motion for nonsuit was presented in a somewhat different shape, and the Court, in passing upon it, used the following language : " Upon the question of delivery, the counsel insist upon a precise technical separation and counting out of the six hundred sheep, in order to fix any rights of Southwell under the

contract. While the position of counsel may be correct, as a general rule, we do not think it controls in this case ; for this case had its own peculiar circumstances. The question was properly left to the jury to say whether, upon the facts in the case, the acts performed by the parties were intended by them to operate as a delivery."

In view of the fact that the evidence shows that there was an express stipulation that the six hundred sheep were not not to be separated and counted out, but were to be delivered as a part of the twenty-four hundred head mentioned, and of the further fact that about the time mentioned in the contract, to wit, the 1st of September, 1873, the appellant did place the respondent in possession of four thousand sheep, and the respondent took actual possession of them, under the contract—in view of these facts, we think that the delivery of the four thousand head necessarily included the twenty-four hundred head ; and as both parties were present, and no objection was made by either party to the manner of the delivery, it is now too late for the appellant to object that there was not a technical delivery of the six hundred head. (*Downer* v. *Thompson*, 6 Hill, 208.)

The principal question raised by the exceptions to the instructions given, and the rulings of the court in refusing instructions, is whether the contract sued on was entire so as to make it invalid under § 775 of the Code, which provides that an agreement that by its terms is not to be performed within a year from the making thereof is void, unless the same is in writing and signed by the party to be charged.

The question whether a contract is entire or separable, is often of great importance. Any contract may consist of many parts, and those may be considered as parts of one whole, or as so many distinct contracts, entered into at one time and expressed in the same instrument, but not thereby made one contract. No precise rule can be given by which this question in a given case may be settled. Like most other questions of construction, it depends to some extent upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract. (3 Pars. on

Con. 517.) Applying this rule of construction to the case before us, we are of the opinion that neither the purchase of the six hundred sheep by respondent from appellant, nor the payment for them to appellant, was so connected or interdependent on the agreement to herd the twenty-four hundred for three years, as to render it invalid. The herding was to be done by the respondent and the appellant's son, and, while it was incidentally connected with the purchase of the six hundred from the appellant, they were not so connected as to make it one entire contract. When a contract, bad in part, is separable, the court will enforce the valid part. The rule in such cases, where there is no imputation of *malum in se,* is that the bad parts do not affect the good. (*Gelpcke* v. *City of Dubuque,* 1 Wall. 222; *Murray* v. *Oliver,* 3 Or. 539.)

It was urged in the argument that the agreement shows that the appellant would not have sold respondent the six hundred sheep, only upon the understanding that respondent would take and herd the twenty-four hundred sheep for three years, and sustains the view that the contract is entire, and is void because it is not in writing. Admitting that the appellant did sell the six hundred sheep to respondent in order to secure the herding of the twelve hundred, owned by himself, for three years, it does not follow that the contract is not separable. The cases are indeed very numerous where the parties must have expected that the contract would not be fully performed within a year, and yet, because by the terms of the contract, it might be, it is held not to be within the statute. (2 Am. Rep. 210; *Blandin* v. *Sargent,* 33 N. H. 239; *Gault* v. *Brown,* 48 N. H. 183.)

But the question here is not as to whether the contract, taken as a whole, could be performed within a year, but whether any part of it could; and if so, whether such part is separable from the part requiring more than a year for its performance. And upon this proposition, I will again quote from the former opinion of the court in this case. Referring to the contract in question, the Court says: "Upon these points, we hold in this case that this contract,

so far as paying for the sheep was an element, might, by its very terms, have been performed within the year, and it was within the contemplation of the parties, when it was made, that such a contingency as Southwell's ability to pay, and payment in fact within the year, was not only possible, but probable."

There were some other questions presented in the argument, but we think they are not material in the decision of the case. We have arrived at the conclusion that there is no error sufficient to warrant a reversal of the judgment. It is therefore affirmed.