[Filed April 5, 1892.]

### K. M. RYBERG *v.* THE PORTLAND CABLE RAILWAY COMPANY.

PRACTICE— NONSUIT— CASE IN JUDGMENT.—It appearing from an examination of the record in this case, that there was some evidence on the part of plaintiff, however slight, to sustain the verdict, *held*, that it was not error in the court below to deny the motion of defendant for a nonsuit.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals. Affirmed.

This is an action to recover damages for negligence. After alleging the corporate existence of the defendant, the complaint proceeds: "That on the second day of May,

1891, the plaintiff, who is an expressman, and was such at the time of the happening of the injury hereinafter referred to, was lawfully driving along Fifth street, a public street of the city of Portland, with his express wagon and one horse; that while so passing along he approached a deep hole, which had been negligently left open by the said defendant corporation in its turntable, which was on said street, and of the existence of which the plaintiff was without knowledge until his near approach thereto, and of the existence of which the said defendant had full knowledge; that there was no sign or notice of the existence of such dangerous place in said street at the time of the plaintiff's said approach; that the plaintiff was compelled, in order to avoid entering said hole, to turn his horse and wagon across the track of the said defendant, and that while so doing and in the exercise of due care and caution, and while exercising every exertion to avoid a catastrophe, and while going in the only direction in which such accident might be avoided, his said wagon was, by the approaching car of said defendant, negligently, carelessly, and without due care and caution, run into, overset, broken, and damaged, and the plaintiff himself was thrown out over the seat upon said wagon, and his face and body severely bruised, and he was made sick and sore, and will for some time so continue." There was a further allegation of damage in the sum of fifty dollars for injury to wagon, and damage in the sum of fifty dollars because "he will be prevented from using his said wagon, by means of which he earns his livelihood, for the space of two weeks," and injuries to himself, in all, two hundred and fifty dollars.

The defendant's answer, after alleging its right and franchise duly granted by the city of Portland to run its cars on said North Fifth street, proceeds: "And defendant further alleges, that on the second day of May, 1891, under and by virtue of said power, and for a long time prior

thereto, it was operating street cars by cable along North Fifth street in said city, under and by virtue of its said franchise, having constructed its street railway along said street to a point near H street, where, for the necessary operation of its said railway and cars, it had constructed a turntable; that in said table there was a trapdoor of sufficient size to admit the person of a man to descend beneath said table to oil the machinery and remove filth and dirt that will accumulate beneath the same; that on said second day of May, 1891, at about the hour of eleven o'clock in the forenoon, two of its employés were engaged in removing the dirt from beneath said table, one being beneath the same and the other standing at the trapdoor, which was then open and on the west side of said turntable; that while so engaged, and while a car of the defendant was just entering upon said turntable, the plaintiff, although warned by said employé, who was standing at said trapdoor, not to approach, which said warning was given while the plaintiff was more than twenty feet away, and while there was plenty of room on the east side of said street to pass, which said east side was then unobstructed, negligently, wilfully, and unnecessarily attempted to pass between said open trapdoor and said car of the defendant; that in so doing, plaintiff ran into the car of defendant, broke the end thereof, and marred and injured the same to the extent of twenty-five dollars; that the approach of the plaintiff at said time was without cause and unexpected, so that said car, although moving slowly, could not be entirely stopped; that plaintiff was driving at a good speed, but had plenty of time to either entirely stop before reaching said turntable or to turn to the easterly thereof; that defendant has been compelled to repair said car at a cost of twenty-five dollars." The reply denied the new matter in the answer. A trial before a jury resulted in a verdict and judgment for the plaintiff, from which defendant appealed.

During the progress of the trial in the court below, and at the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, for the reason the plaintiff's evidence did not prove a case sufficient to be submitted to a jury; which motion being overruled, an exception was duly taken.

*H. H. Northup,* for Appellant.

*McGinn, Sears & Simon,* for Respondent.

STRAHAN, C. J.—There is but one question presented by this record, and that is, the action of the court in overruling the defendant's motion for a nonsuit, made at the conclusion of the evidence on the part of the plaintiff. This motion brings up the evidence on the part of the plaintiff, and requires us to say whether or not there was any evidence before the jury at the time the motion was made, taking the most favorable view of it, that would justify a verdict in favor of the plaintiff. In disposing of this motion, we are to assume that the witnesses were credible and that their statements as given are true.

The appellant's contention is directed to two points First, that there was no evidence before the jury showing that the appellant was negligent at the time of the injury; and, second, that the evidence introduced on the part of the plaintiff shows that he was guilty of negligence directly contributing to the injury. We have attentively considered the evidence bearing upon the first question; and without attempting to state its effect, there was some evidence, though slight, of negligence on the part of the plaintiff. If, as the evidence tends to prove, the space on the east side of the turntable and between it and the sidewalk was blocked up with another team, it left no passway except over and across the west side of the turntable and a part of the street. If the manhole was open at the time, as is admitted by both sides, it is possible the plaintiff might have approached so near it before discovering it

that he could neither escape nor recede, under the impression that he would be able to pass on that side; and if there was no one on guard to warn off approaching teams while the hole was kept open, it would probably be such want of care as would subject the defendant to liability in case of injury. And on this theory, though the evidence is not strong, nor if we were called upon to weigh it, at all satisfactory, it was possible for the jury to give it such effect as to find the verdict it did.

On the second question, or the plaintiff's contributory negligence, the same reasoning applies. The manhole being open, and so far as appeared at the time the motion for a nonsuit was made, no one there to guard or give warning to approaching teams, the plaintiff might have advanced so far that the collision was inevitable, under the impression that he could safely pass. We do not say that this is the best or even the most probable or reasonable view of the evidence, but it is one the jury might and probably did adopt; and on this motion we are unable to say affirmatively that they erred. It was their province to take that view of the evidence, if they thought it the most reasonable, and we could not reverse the judgment on that ground without directly invading their province. It is true, when such a question comes before us, and there is no evidence on a material issue, we have several times felt constrained to order a nonsuit; but it has been solely on the ground that there was no evidence before the jury which, within the principles stated, could have authorized or justified a verdict for the plaintiff. In what we have said, no account is taken of the state of the case after the defendant introduced the evidence on its part. We have referred entirely to the evidence on the part of the plaintiff at the time the motion for a nonsuit was made. What verdict the jury ought to have rendered on the whole case, it is not our province to decide. It involves the credibility

of the witnesses on both sides, as well as the effect of the evidence, which were matters exclusively for the jury.

Finding no error in the judgment appealed from, the same must be affirmed.