Argued 1 November; decided 4 December, 1899.

## PERKINS *v.* McCULLOUGH.

[59 Pac. 182.]

1. NONSUIT—QUESTION FOR JURY.—A judgment of nonsuit should not be given unless, after admitting the truth of plaintiff's evidence on all material issues, and conceding the reasonable inferences deducible therefrom, there is still such a failure of proof on a material allegation of the complaint that the court would feel obliged to set aside a verdict for the plaintiff if it should be returned.

2. LIABILITY OF JOINT TORTFEASORS.—All persons who aid, command, advise, or countenance the commission of a tort, or approve it after it has been committed, if for their benefit, are as fully liable as if they had personally committed the objectionable act.

From Multnomah: ALFRED F. SEARS, JR., Judge.

This is an action by R. S. Perkins against B. F. McCullough and W. F. Matlock to recover the value of seven steers, one stag, and four cows, the property of plaintiff, alleged to have been unlawfully converted by the defendants to their own use. The defendants having in their second amended answer specifically denied each allegation of the complaint, a trial was had, resulting in a judgment against them for the sum of $321, from which they appeal.                                        AFFIRMED.

For appellants there was a brief over the names of *Frank A. E. Starr* and *Carter & Raley*, with an oral argument by *Mr. Starr*.

For respondent there was a brief and an oral argument by *Mr. John C. Leasure*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1.  It is contended by defendants' counsel that the court erred in refusing to grant a judgment of nonsuit as to the defendant W. F. Matlock. This presents the question as to whether there was any evidence from which the jury could reasonably find that Matlock and the defendant B. F. McCullough acted in concert with reference to the conversion complained of. The statute provides that a judgment of nonsuit may be given when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury : Hill's Ann. Laws, § 246, subd. 3. In construing this section, we have held that, to authorize a judgment of nonsuit, there must be such a total failure of proof of a material allegation of the complaint as would require the trial court to set aside the verdict for want of evidence if the jury were to find for the plaintiff : *Grant* v. *Baker*, 12 Or. 329 (7 Pac. 318) ; *Ferrera* v. *Parke*, 19 Or. 141 (23 Pac. 883) . A motion for a judgment of nonsuit is in the nature of a demurrer to the evidence, admitting, as a matter of law, the truth of that given by the plaintiff upon a material issue of the complaint, and every fair and legitimate inference of fact deducible therefrom, but asserting that the jury, from a consideration thereof, would not be authorized to find a verdict for the plaintiff : *Brown* v. *Oregon Lumber Co.* 24 Or. 315 (33 Pac. 557) . The rule is well settled in this state that if there be any evidence, however slight, fairly susceptible

of an inference or presumption tending to establish a material allegation of the complaint, it is the duty of the court to deny the motion for a judgment of nonsuit, and submit the question involved to the jury for determination: *Tippin* v. *Ward*, 5 Or. 450; *Southwell* v. *Beezley*, 5 Or. 458; *Salmon* v. *Olds*, 9 Or. 488; *Anderson* v. *North Pac. Lumber Co.* 21 Or. 281 (28 Pac. 5); *Salmon* v. *Cress*, 22 Or. 177 (29 Pac. 439); *Ryberg* v. *Portland Cable Ry. Co.* 22 Or. 224 (29 Pac. 614) ; *Herbert* v. *Dufur*, 23 Or. 462 (32 Pac. 302); *Hedin* v. *Suburban Ry. Co.* 26 Or. 155 (37 Pac. 540) ; *Wallace* v. *Suburban Ry. Co.* 26 Or. 174 (37 Pac. 477, 25 L. R. A. 174) ; *Vanbebber* v. *Plunkett,* 26 Or. 562 (38 Pac. 707, 27 L. R. A. 811) ; *Richmond* v. *McNeill*, 31 Or. 342 (49 Pac. 879). The complaint having alleged a joint tort, before Matlock could be made responsible therefor the rules of law to which attention has been called require the production of evidence at the trial tending to show, or from which the jury might fairly and legitimately infer, that he participated therein, that McCullough performed the act at his request, or that it was done for his benefit, and was approved by him after its commission : 2 Hilliard, Torts (3 ed.), 292 ; 2 Wood's Add. Torts, 542 ; *Dahms* v. *Sears*, 13 Or. 47 (11 Pac. 891); *Cooper* v. *Blair*, 14 Or. 255 (12 Pac. 370) ; *Guille* v. *Swan,* 19 Johns. 381 (10 Am. Dec. 234) ; *Coats* v. *Darby*, 2 N. Y. 517 ; *Bishop* v. *Ely*, 9 Johns. 294; *Morgan* v. *Varick*, 8 Wend. 587 ( 24 Am. Dec. 105 ) ; *Forbes* v. *Marsh*, 15 Conn. 384 ; *Brooks* v. *Ashburn*, 9 Ga. 297.

The evidence in the case at bar tends to show that about December 1, 1893, one W. H. Babb was the owner of about eighty head of Holstein cattle, including those in question, and, being indebted to Matlock and others in large sums, he on that day executed in the name of his then wife, Hannah N. Babb, a lease thereof to one Peter Schwab, with intent to hinder, delay, and defraud his

creditors ; that about January 31, 1895, Mrs. Babb trans-
ferred to plaintiff, her father, whatever interest she had
in the cattle ; that in May, 1895, Babb, claiming to be
the owner of said cattle, with Schwab's consent, took pos-
session thereof, and surrendered the same to Matlock,
who held them until the spring of 1896, when they were
taken from him by order of court in an action to recover
the possession thereof ; that about September 5, 1895,
and while Matlock was claiming to be in possession of
said stock, McCullough took the cattle in question from
Umatilla County to Troutdale, Oregon ; that he sold them
to the Union Meat Company, and, as he testifies, paid the
proceeds to Schwab, Claxton & Boyd, and Babb. The
first amended answer, verified by Matlock, was offered
in evidence by plaintiff. It contains the following aver-
ment : "That on the —— day of ——, 1896, the said de-
fendant B. F. McCullough, acting at the request and upon
the advice of the said W. H. Babb, sold the said cattle
herein mentioned for the said W. H. Babb, and at his
request paid the proceeds of said sale to defendant W.
F. Matlock, to apply upon the indebtedness which was
due him by the said W. H. Babb." Matlock, as a witness,
testified that about October 1, 1896, McCullough paid him
$660, but that he could not state from what source the
money came. This is all the legal evidence to be found
in the bill of exceptions tending in any manner to connect
Matlock with the conversion, and its sufficiency for that
purpose is the question presented.

2. "The admitted rule of law," says Mr. Justice
SHANKLAND, in *Judson* v. *Cook*, 11 Barb. 642, "is that all
who aid, command, advise, or countenance the commis-
sion of a tort by another, or who approve of it after it is
done, if done for their benefit, are liable in the same
manner as they would be if they had done the same tort
with their own hands." The answer offered in evidence

admitted that the money derived from the sale of the cattle was paid to Matlock to apply on Babb's indebtedness. While the sale may have been for Babb's benefit, so far as the proceeds derived therefrom reduced his indebtedness, it also benefited Matlock to the extent of reducing his demand by the sum so received. He was in possession of the cattle when they were sold, and, the proceeds thereof having been paid to him, the jury might fairly and legitimately infer from the averment of the answer, when considered in connection with the other facts and circumstances of the case, that the sale was made for his benefit, and that, by accepting the proceeds thereof, he was cognizant of and approved the conversion, thereby rendering himself liable as a joint trespasser; and, this being so, no error was committed in denying the motion for a nonsuit. It follows that the judgment is affirmed.                                              Affirmed.