Argued and submitted May 9, reversed and remanded August 10, Miller's reconsideration and Jensen's reconsideration denied September 30, both petitions for review denied October 18, 1988 (307 Or 77)

GYMNASTICS USA,
*Appellant,*

*v.*

McDOUGAL et al,
*Respondents,*

RAWLINS et al,
*Plaintiffs,*

*v.*

MILLER et al,
*Defendants.*

(85-0516; CA A43303)

758 P2d 881

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Paul J. De Muniz, Salem, argued the cause for respondent Jeffrey McDougal. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Ralph C. Spooner, Salem, argued the cause and filed the brief for respondent Damon Jensen.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action for property damage arising out of a fire. The only parties to this appeal are Gymnastics USA (plaintiff) and defendants Jeffrey McDougal and Damon Jensen.[1] Appellant originally pled claims for negligence, trespass and abnormally dangerous activities. The case was submitted to the jury solely on the trespass claim. A judgment was entered on a verdict for defendants. This appeal involves only the trespass claim.

On June 30, 1984, defendant McDougal, then 10 years old, and his mother bought fireworks for the Fourth of July. Without his mother's knowledge, McDougal took some of the fireworks and went to visit friends. He met with defendant Jensen, who took a cigarette lighter from his mother's car, and they set off a few fireworks near the premises rented by appellant. They proceeded to the parking lot of appellant's building and lit a few more devices there. They noticed a hole which led into the building. McDougal put a "crazy jack", a non-explosive firework which spins and spews sparks, into the hole and lit it with Jensen's lighter. Shortly after the fireworks were set off, the children noticed smoke coming from the building. They called for help, but the building was substantially damaged by the fire.

Appellant assigns as error giving and failing to give jury instructions regarding fault, foreseeability, the standard of care applicable to children, joint liability and damages. Jensen cross-assigns the trial judge's denial of his motion for directed verdict.

The trial judge instructed the jury.

"The law presumes that all persons have obeyed the law and are free from fault. Accordingly the mere fact there was a fire involved in this case and that the plaintiff was financially damaged as a result of it is no indication that the defendants or either of them was a fault. In order for the plaintiff to prevail in the case, it is necessary that he, the corporation, prove by a preponderance of the evidence that the defendant or one of them or both of them were at fault in such a manner to cause the fire or damage which he complains of. An act or

---

[1] Separate final judgments were entered disposing of the claims of all the other parties.

an omission is a cause of damage when in a direct and unbroken sequence [it] produces the damage complained of.

"\* \* \* \* \*

"I am prepared to tell you that as a matter of law that what Mr. McDougal did by placing a firework in the cavity of the wall in the building where the plaintiff's business was located constitutes a legal trespass. That does not tell you, however, that the plaintiff is entitled to prevail in this case because what it doesn't do and what you must do in your deliberations is to determine what the cause of the fire was. If the cause of the fire was anything other than as a result of the firework placed in the wall and being ignited, any other cause other than that, then, of course, the plaintiff is not entitled to recover against these defendants.

"\* \* \* \* \*

"So what you must do is decide whether or not the cause of the fire was related in any way to the firework being placed in the wall. As I say, if you find it was not and it was a fire from some other cause, then that's the end of your deliberations and your verdict would be favorable to the defendants. However, if you should find that the fireworks being placed in the wall is the operative cause of the fire and resulting damage, if you find there was damage, then you would have to decide whether or not the fault lies with the two boys, Mr. McDougal and Mr. Jensen, or with just Mr. McDougal.

"And in connection with that, that is a legal — another legal fiction of foreseeability that I will tell you a little something about; that is, a person is liable only for reasonably foreseeable consequences of his actions.

"\* \* \* \* \*

"And in that connection the defendants' conduct, both Mr. McDougal's and Mr. Jensen's, should be judged by the standard of behavior that you would expect from a child of similar age, intelligence and experience under those same or similar circumstances."

Appellant contends that the instructions were negligence instructions and were inappropriate in this intentional trespass case.[2] The instructions on fault, foreseeability and the

___

[2] The complaint states, in pertinent part:

"On or about June 30, 1984, the Defendants intentionally placed a firecracker in an opening leading into the premises housing the Plaintiff's equipment, and as a result of his (sic) intentional act destroyed the equipment of the Plaintiff, to his damage in the sum of $60,000."

standard of care of children were negligence instructions. We agree that it was error to instruct the jury on negligence.

■       We next consider whether the erroneous instructions require reversal of the judgment. Although the instruction on fault is inappropriate in a trespass case, it alone does not require us to reverse. Another instruction stated that defendant McDougal trespassed as a matter of law and that he, or both defendants, should be found liable to plaintiff if their conduct caused the fire. Because the trial court correctly instructed the jury that McDougal had trespassed as a matter of law, the only issue on liability as to him was whether his trespass caused the fire. Although "fault" in the negligence sense is not involved in a trespass action, and that language should not be used, we do not believe that the jury was misled. In context, the use of the term "fault" clearly referred to the question of responsibility for the cause of the fire. We cannot say that the instruction was misleading to the degree that would have been prejudicial to appellant. That error does not require reversal.

■       The instructions on foreseeability and the standard of care of children set up an incorrect legal standard for damages. In a trespass case, a land possessor is entitled to prove whatever damages resulted from a trespass. *Brown v. Dorfman,* 251 Or 522, 526, 446 P2d 672 (1968).[3] The instructions given would permit the jury to limit damages to those which children of defendants' ages might anticipate. Limiting damages only to those foreseeable by children injects the concept of negligence and was inappropriate in this trespass action.[4] Because these instructions were prejudicial to appellant, we must reverse and remand for a new trial.

The last assignment of error, regarding the failure to give an instruction that one who aids another in a trespass is

---

[3] Appellant's requested instruction on the extent of damages was correct.

[4] Intentional trespass results in liability without proof of further fault, if damage occurs. Liability does not depend on whether the act resulting in the trespass was reasonable. The special negligence rule regarding children's liability absolves them of fault if they act reasonably given their age, intelligence and experience. *See Thomas v. Inman,* 282 Or 279, 285, 578 P2d 399 (1978). The age of tortfeasors in intentional trespass is relevant only to the question of their ability to form the necessary intent to do the act which is a trespass. *See Cleveland Park Club v. Perry,* 165 A2d 485 (DC Mun App 1960).

liable to the same degree as the trespasser, is likely to arise on retrial, and we therefore address it.

■ We agree that the trial judge should have given a proper instruction on the liability of one who aids a trespasser. Appellant's requested instruction was based on *Perkins v. McCullough,* 36 Or 146, 59 P 182 (1899), where the court held that "all who aid, command, advise, or countenance the commission of a tort by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as they would be if they had done the same tort with their own hands." 36 Or at 149. The requested instruction was both incorrect and incomplete in at least two respects. First, it implies that one who merely acquiesces in the tort of another is a joint tortfeasor. Second, a person "aiding" or "assisting" must at least understand that a tort is being or will be committed by the other when he aids him. *See Atlas Hotel Supply v. Baney,* 273 Or 731, 738-39, 543 P2d 289 (1975); *see also* Prosser and Keeton, *Torts,* 323, § 46 (5th ed 1984). It was not error to decline to give the instructions in the form requested.

■ Finally, we address Jensen's cross-assignment of error. He contends that only McDougal trespassed by inserting a firework into the building and that his own conduct was insufficient as a matter of law to constitute a trespass. It is undisputed that Jensen took the lighter from his mother's car. There was some evidence that he told McDougal to place the fireworks in the hole. Jensen nevertheless argues that there was no evidence that he gave the lighter to McDougal for the purpose of setting off the fireworks. Joint liability involves the determination of whether an agreement or understanding existed between the tortfeasors, which is a determination of fact. It was properly submitted to the jury.

Reversed and remanded.