## JAMES TIPPIN, RESPONDENT, v. THOMAS M. WARD, APPELLANT.

EVIDENCE—DECLARATIONS AND ADMISSIONS, HOW MAY BE SHOWN.—In an action upon a contract for support, the affidavit of the defendant, made subsequent to the alleged breach of contract, before the county judge, in a proceeding to have the plaintiff placed in the county poorhouse, is admissible in evidence as showing the declarations and admissions of defendant in relation to the issues involved in the litigation.

NONSUIT WILL NOT BE GRANTED, UNLESS THERE IS AN ENTIRE LACK OF EVIDENCE. A case should be submitted to the jury, unless there is entire lack of evidence tending to maintain the issues on behalf of the plaintiff; or, unless, upon the whole case made by the plaintiff himself, it appears beyond doubt that the plaintiff has no right to recover.

EVIDENCE, WHAT WILL CONSTITUTE A REFUSAL TO PERFORM.—In an action upon a contract to support and provide for an infirm person, want of courtesy, personal indignities, and the general demeanor of defendant towards the plaintiff, may be sufficient to show a breach, on defendant's part, although he may not have refused to support plaintiff in direct terms.

MEASURE OF DAMAGES.—When there has been a total breach of contract, the plaintiff may, if he demands it, recover full and final damages for the future, as well as the past, although the period for full performance has not elapsed.

APPEAL from Wasco County.

This is an action by Tippin, an aged and infirm person, against Ward, to recover damages upon an alleged breach of contract for the support of Tippin by Ward. On the trial it was shown to prove the alleged breach by Ward, that a conversation took place between the parties, in which it was proposed by Ward that Tippin should leave Ward's house and go on the county as a pauper; to which proposal Tippin answered, "Well, I can go;" that thereafter Ward, who is the appellant, took Tippin, the respondent, to the county seat, a hundred miles distant, for the purpose of having the respondent go upon the county; that respondent refusing so to do, was left by appellant without provision for his support; that thereafter appellant appeared before the County Judge and made an affidavit in proceedings to place respondent in the county poorhouse, stating in a conversation then had with the Circuit Judge, that he could not, and would not, support respondent any longer. Appellant moved for a nonsuit, which was refused by the court. The court instructed the jury as follows:

"To establish a breach of the alleged contract, it is not necessary that the defendant should have by violence or force expelled the plaintiff from his house and home; proper proof that defendant sought to have the plaintiff taken and supported by the county of Wasco, and sent him or brought him to the proper authorities for such purpose, is sufficient to establish a breach of the contract.

"A contract of the character declared on in this action, being an entire contract, your verdict, if you find for the plaintiff, should not only compensate the plaintiff for the past inconvenience he has suffered from a breach of the alleged contract, but also for the future inconvenience he may suffer therefrom."

Respondent recovered judgment for $1,000, from which judgment this appeal is taken.

The above instructions, and the rulings of the court in overruling the motion for a nonsuit, and in admitting the affidavit referred to in evidence, are relied upon as errors on the appeal.

*W. H. Effinger*, for Appellant.

*N. H. Gates and J. C. Cartwright*, for Respondent.

By the Court, SHATTUCK, J.:

The admission in evidence of the affidavit of the appellant, made before the county judge, in a proceeding to have the respondent placed in the county poorhouse, was not error. The making of that affidavit, although subsequent in date to the alleged breach of contract, was an act of the appellant, and the statements contained in the affidavit were his declarations and admissions relating to the subject-matter of the contract involved in this litigation, and as such were clearly admissible in evidence.

The denial of the motion for nonsuit was proper, because the evidence which had been introduced strongly tended to show a breach of the contract alleged. The respondent had put in evidence a conversation between appellant and respondent, wherein appellant proposed to respondent that he should leave appellant's house and go on the county as a pauper, to which proposal the respondent, although unwilling to go, only replied, "Well, I can go." It is true, that it does not appear that in this conversation, the appellant *in terms* refused to support respondent any longer, but it is stated that the appellant then caused the respondent to enter a wagon driven by appellant's son, and carried him to the county seat, when the respondent refused to go on the county, and that the respondent, being old (88 years of age) and infirm, and a hundred miles from the residence of appellant, was left by appellant at the county seat, without any provision for his support. It was further shown that about two weeks after this transaction, appellant appeared before the county judge and made the affidavit referred to above, to the effect that the respondent was a pauper, and entitled to support from the county, and asking to have him received as one of the county poor; and in a conversation then had with the county judge, the appellant further declared that he could not and would not any longer support the respondent. Manifestly, this evidence does not show,

nor tend very strongly to show, that the respondent con-
sented to leave appellant, or waived all further claims on
him for support.   On the contrary, we think that upon such
evidence the case ought to have been, as it was, submitted
to the jury, and they be left to say whether or not there
had been a breach of the contract alleged.

A case should be submitted to the jury, unless there
is an entire lack of evidence tending to maintain the issues
on behalf of the plaintiff, or, unless upon the whole case
made by the plaintiff himself, it appears beyond doubt that
the plaintiff has no right to recover.

The giving of the instruction objected to, to the effect
that it was not necessary, in order to show a breach of the
alleged contract, that a violent or forcible expulsion of the
respondent by appellant from his, appellant's, house should
be shown, but that it would be sufficient to show that
appellant sought to have the respondent taken and sup-
ported as a pauper by the county of Wasco, and sent him,
or brought him, to the proper authorities for such purpose,
is assigned as error.   This presents the question whether,
admitting the contract alleged, the fact that appellant
sought to have respondent taken and supported by the
county as a pauper, and actually sent him, or brought him,
to the proper authorities for that purpose, would warrant
the legal conclusion of a breach of the contract, *without* its
further appearing that the respondent did not sanction such
proceedings.   We think that, *prima facie*, the fact assumed
by the instructions amounted to a breach of the contract.
It was conduct wholly inconsistent with the terms of the
contract, and in violation of appellant's duty, and wholly
contrary to what seems to have been the purpose of
respondent in making the contract in the beginning.   It
appears that the respondent, already an old man, and with-
out relations, fifteen years ago, entered into this contract
with appellant for the very purpose of avoiding the con-
dition to which this conduct of appellant was subjecting
him; and, to secure exemption from such a fate, he gave
up and transferred to appellant all his property, consisting
of a land claim and considerable personal property.   He is

now about eighty-eight years old, and quite infirm, and the necessity for the care and support, which he had contracted for, is greatly increased. To allow the claim of appellant's counsel on this point, it would be necessary to assume, without evidence, that the respondent had changed his mind—an assumption not required by any rule of law or by any circumstance proven in this case. We think that the instruction given was correct and justified by the evidence reported.

The refusal of the court below to give the instructions asked by appellant's counsel is also assigned as error. One of these related to the measure of damages, and was not insisted on in argument. Had this instruction been insisted on, however, we should hold that the measure of damages adopted by the court below was the proper one. When there has been a total breach of contract, the plaintiff may, if he demands it, recover full and final damages for the future as well as the past, although the period for full performance has not elapsed. (8 Barb. 412.)

The other instruction asked was properly refused by the court below, because it was too general, and cannot be declared as a rule of law. It was this: "That no words of the defendant, addressed to the plaintiff, suggesting that plaintiff should remove from his (defendant's) care and protection, are sufficient under the law to constitute a breach of the alleged contract, unless at the time defendant did refuse to longer carry out the said alleged agreement or contract." This instruction might be considered as disposed of by our opinion already expressed upon the instructions given and excepted to, but we may properly add a few words.

This instruction requires a direct and positive refusal on the part of appellant to perform in order to constitute a breach of his contract, and does not allow that a party may indicate his refusal by any words short of direct and positive terms. A reference to the nature of the contract under consideration will make manifest the error of this instruction. The appellant had agreed to support, board, and clothe respondent, and furnish him with a home and the necessaries of life. The provisions here stipulated for re-

quired on the part of the appellant courteous and respectful treatment of the respondent; a home was to be provided; a place of security, of comfort, and quiet allowed.  Abuse and personal indignities, which may be inflicted by words no less than by acts, were inconsistent with the idea of a home.  The suggestions of appellant concerning the putting of respondent on the county as a pauper, might easily be such, or the tone and manner such, as to destroy respondent's peace and quiet, and render his life miserable, and yet not be in terms a positive refusal to feed and clothe him.

Whether the words of appellant, on the occasion in question, amounted to a breach of the contract or not, or authorized a conclusion that appellant wished to be understood, and was understood, to refuse longer to keep and take care of respondent, was a proper question for the jury to decide, upon a fair consideration of the circumstances, relations, and demeanor of the parties at the time.  We think, therefore, that the instructions asked ought not to have been given, and that the refusal of the court below to give them was not error.

The judgment of the court below should be affirmed.