[Filed June 8, 1885.]

ALEX. GRANT, ADMR., *v.* W. D. BAKER ET AL., CONSTITUTING COMMON COUNCIL OF ASTORIA.

PRACTICE—NONSUIT.—To authorize the court to nonsuit a plaintiff, there must be such a total failure of proof of a material allegation of the complaint as would require the court to set aside the verdict for want of evidence, if the jury were to find for the plaintiff.

DEFENSE—CONTRIBUTORY NEGLIGENCE.—Contributory negligence is a defense, and must be averred as such. (*Walsh* v. *Or. Ry. & N. Co.* 10 Oreg. 250, distinguished.)

CLATSOP COUNTY. Plaintiff appeals. Reversed and new trial ordered.

*G. W. Yocum,* and *Raleigh Stott,* for Appellant.

*F. R. Strong,* for Respondents.

THAYER, J.—The appellant commenced an action in the

Circuit Court for Clatsop County against the respondent, to recover damages for wrongfully causing the death of Peter Grant. The appellant alleged in his complaint, in substance, that he was the administrator of said Peter Grant, and that the respondents were officers of the municipal corporation of the city of Astoria, in said county, constituting the common council of said city; that by the charter of said city it was the duty of the said common council to keep the streets of the said city in good order and repair, and safe for travel; that they wilfully neglected their duty, and permitted one of the said streets, known as "Squemoque Street," to become so much out of repair that it became unsafe for travel, and that, after being notified of the fact, they refused to repair it; that while said Peter Grant was lawfully traveling said street on the 27th day of November, 1881, and wholly unaware of the danger, he was accidentally, and without fault on his part, precipitated over the edge of the roadway, and thereby killed, which accident the appellant alleged was in consequence of the respondents' said neglect. The respondents filed an answer to the said complaint, in which they denied all the allegations thereof; and thereafter, at the January term, 1884, of said court, the issues so formed came on for trial before the said court, and a jury duly impaneled.

The appellant upon the trial gave evidence tending to prove the facts alleged in his complaint. It appears from the bill of exceptions that said Peter Grant was last seen alive on the evening previous to the said 27th day of November, 1881; that on the morning of that day he was found dead, lying in the mud and water in front of said street, opposite to where a railing had been off for some time. It also appears that said deceased had his lodgings at a house on said street, and that when last seen, upon the evening previous to his death, he was at the Occident Hotel, in Astoria; that between 10 and 11 o'clock at night he left there with the evident intention of going to his lodgings; that his route would naturally be along said street, which was considerably encumbered with lumber at the time. The evidence offered was doubtless sufficient to authorize the inference that

the deceased, while going to his lodgings on said occasion, and along said street, fell from the same to the place where he was found dead, in consequence of its being so filled up with timber and lumber, and the rail being off the side, placed there as a protection to persons passing along the same. The street appears to have been upon piles across some tide land, and several feet above the surface.

The appellant having rested his case, the respondents moved the court for a nonsuit, upon the grounds, (1) that the evidence was insufficient to entitle the appellant to a recovery; (2) that the appellant had failed to show that the deceased was without fault at the time of the accident; that the appellant was required to show that deceased was, at the time of his death, free from contributory negligence, before a recovery could be had. The Circuit Court granted the motion, and the appellant was nonsuited, and judgment entered against him for costs, from which judgment this appeal is taken.

The first ground of the motion for the nonsuit was wholly untenable. The question whether the evidence was sufficient to entitle the appellant to a recovery was for the jury, and not the court. To authorize the court to nonsuit a plaintiff, the latter must fail to prove a cause sufficient to be submitted to the jury. It must be such a case that, if the jury were to find a verdict for the plaintiff, the court could be required to set it aside for want of evidence to support it. (Civ. Code, §§ 243, 244.) It would have to be a case where there was a total failure of proof of some material allegation of the complaint, which appears, from the bill of exceptions, not to have been the fact in this case. I do not suppose the nonsuit was granted upon that ground. It was not so claimed on the argument, and I think the counsel on both sides concede that it was upon the second ground of the motion that it was allowed, and that the circuit judge, in allowing it, followed what he supposed to have been held in *Walsh* v. *Oregon Ry. & Nav. Co.* 10 Oreg. 250. The impression seems to have prevailed, to some extent, at least, that this court there held that a plaintiff would not be entitled to recover in an action for negligence without showing affirma-

tively that the injury was not the result of his own negligence; that he would have to first establish that there was no contributory negligence upon his part. I do not think that is the law, nor that the case of *Walsh* v. *Oregon Ry. & Nav. Co.* intended to hold any such doctrine. I suppose it was inferred that the court meant to lay down such a rule in the following language employed by the judge who delivered the opinion in the case:—

" In actions for negligence, the burden of proof always rests upon the party charging it. He must prove that the accident was caused by the wrongful act, omission, or neglect of the defendant, and that the injury of which he complains was not the result of his own negligence, and the want of ordinary care and caution."

A casual observation of this language might justify the impression referred to; but when considered in connection with the facts of that case, and with other portions of the opinion, it would hardly be warranted. The plaintiff in the case referred to was a brakeman on the defendant's train of cars. The track had been widened from a narrow gauge to a standard gauge, and the effect was to place the rail on one side of the bed nearer the water-tank located on the road. The train approached the point opposite the tank in the night, while the plaintiff was on the train attending to his duties. He was ignorant of the nearness of the water-tank to the track; heard a noise ahead that excited his suspicion that something might be wrong, and put his head out of the window to discover the cause. In the act of doing that, in consequence of the proximity of the tank to the track, his head came in collision with the timbers which supported the tank, and thereby he received the injury complained of. When he attempted to prove his cause of action upon the trial, these facts, of course, all came out upon his own showing, and the Circuit Court before whom the trial was had, being of the opinion that the putting his head out of the window as mentioned was carelessness upon his part which contributed to the injury, nonsuited him. The question then came before this court as to whether the nonsuit was properly granted, and

in the consideration of that question the language quoted was made use of. The judge, in the opinion, also stated the following:—

"To entitle, then, the plaintiff to recover, conceding the negligence of the defendant in not removing the water-tank to the proper distance after widening the track, it was incumbent on him to prove, when the accident occurred, that he exercised that ordinary care which a party ought to observe under the particular circumstances under which it is to be exercised."

It will be seen that the injury to the plaintiff in that case was the result of his own direct act; if he had not put his head out of the window it would not have collided with the framework of the tank; and that, *prima facie,* he occasioned it himself. Whether the act was careless and negligent or not depended upon the facts, which it devolved upon him, under the peculiar circumstances of the case, to prove; and unless he established that the duty of his position made it necessary and proper to extend his head out of the window at the time, he had no case. The Circuit Court thought he had no right to do so under any circumstances; but this court, in view of the fact that the plaintiff was a brakeman on the train, and was required to constantly keep a lookout to avoid danger, and that there was evidence in the case tending to prove that it was a customary habit for brakemen to do so, concluded that he ought not to have been nonsuited, and therefore set it aside and ordered a new trial. It is very evident to my mind that the language of the opinion referred to was intended to apply to the state of facts mentioned, and not to lay down any general rule that would be applicable to any state of facts that might appear in that character of cases. I think it has always been understood by this court that contributory negligence is a defense, and must be averred as such. At the same time, the authorities agree that if it appears in such a case, upon the plaintiff's own showing, that his own carelessness helped to produce the injury he complains of, he cannot recover. And I do not believe it would be any departure from the rule requiring such a defense to be

pleaded to say, as was said in *Walsh* v. *Oregon Ry. & Nav. Co.*
*supra,* where the plaintiff has been the actor in the affair in
which the injury was received, and his acts *per se* would indi-
cate negligence, "that he could not recover without proof that
he exercised that ordinary care which a party ought to observe
under the particular circumstances." Upon the other hand,
where the injury results from the direct act or omission of the
defendant, which *prima facie* is negligence in itself, and the
plaintiff receives an injury in consequence thereof while pursu-
ing his ordinary course of affairs, he will not be compelled, in
order to recover his damages, to prove that he was free from
fault. For instance, suppose that some of the timbers of
the frame-work of the water-tank referred to had been
left so as to strike against a car, and that they did so
strike and injure either the brakeman or a passenger who was
sitting upon a seat inside, it would not certainly be necessary for
the injured person, in order to recover against the company, to
prove that he was free from fault; while, if he were apparently
out of his place, or doing some act from which negligence might
be imputed, it would become necessary to explain his conduct,
and prove that, however it might seem, it was not negligence, or
at least did not contribute to the injury.

In the case at bar the court should not have nonsuited the
plaintiff. He made out a case sufficient for the jury, and they
had a right to determine whether the conduct of the defendants
in leaving the street encumbered in the manner described by the
witnesses, and allowing a section of the railing to remain off, was
negligence or not; whether the deceased came to his death in
consequence thereof, and whether he might in some manner
have contributed to the negligence, if any such existed. The
latter could not be inferred except from some proof of circum-
stances. It is not presumable that a person will do careless and
negligent acts that will jeopardize his own life; and yet, if the
deceased knew the condition of the street, and it was a dark,
rainy night, as some of the witnesses say it was, it might have
been very imprudent for him to have attempted to travel the
street under the circumstances. However that may have been,

the question is one that a jury must determine, under the instructions of the court, as to the law.

The judgment must be reversed, the nonsuit set aside, and a new trial had.