[Filed May 3, 1889.]

## TRUMAN, HOOKER, & CO., Appellant, v. OWENS AND DEAN, Respondent.

Account Stated — What is. — An account stated is an account which has been rendered by the creditor, and assented to by the debtor as correct, either expressly or by implication of law from the failure to object within a reasonable time.

Id. — When Account Rendered Becomes Such. — Merely rendering an account does not make it an account stated, but an account rendered and delivered to the debtor exhibiting the demand of the creditor, unless objected to within a reasonable time, becomes an account stated.

Id. — Testimony to Sustain. — When the action is strictly on an account stated, to maintain such action the plaintiff must prove an account stated, as that, and nothing else, will support his allegations.

Appeal from Jackson County.

*E. De Peate*, for Appellant.

*A. S. Hammond*, for Respondent.

Lord, J. — This was an action upon an account stated.

The complaint contained the usual allegations of an account stated, all of which was specially denied by the answer. Upon the trial, in consequence of a failure of evidence, the court, upon motion, instructed the jury to render a verdict for the defendants, and the jury returned a verdict for the defendants.

The errors alleged are, in sustaining objections of defendant's counsel to the introduction of the account and order, as evidence of an account stated, and in directing the jury to return a verdict for the defendants.

It appears by the bill of exceptions that one Martin, who was the agent of plaintiffs, doing business in San Francisco, sold to the defendant Bean a stump-puller, and that he, at that time, agreed to pay for it by an order on Mr. Patrick, which (order) was to be paid as soon as there

was that amount due them from Mr. Patrick, for whom the defendants were working; that on the twenty-fifth day of May, 1888, the said Martin as such agent of plaintiffs presented the following bill to the defendants:—

"TRUMAN, HOOKER, & CO.
"SAN FRANCISCO, May 18, 1888.
"Sold to C. A. OWEN, Ashland, Oregon.
"One No. 5 stump-puller, irons, and grab-hook....$95 00
"Dray..................................... 75

$95 75
"Terms, sixty days."

And that, according to the contract, the defendant gave to the agent, Martin, a written order on W. A. Patrick for the money, who agreed with Martin that the said order should be paid when the defendants had done work enough for him to amount to that sum. The order was as follows:—

"ASHLAND, OREGON, May 25, 1888.
"W. A. PATRICK, ESQ.:—

"Please pay Truman and Hooker the sum of ninety-five dollars, and charge to us. Respectfully,
"C. A. OWEN,
"L. M. DEAN."

That the "terms, sixty days," as evidence on the bill meant that the amount stated therein would draw interest after sixty days, if not paid.

Substantially upon this state of facts, as disclosed by the evidence, the court sustained the objections aforesaid, and directed the jury to return a verdict for the defendants. The action of the court proceeded on the ground that there was a failure of proof, or that the facts as disclosed did not show an account stated, as alleged. As this is assigned as error, it becomes necessary to inquire into the nature of an account stated, in order to ascertain

whether the right principle was applied to the facts of the case. An account stated is an account which has been rendered by the creditor, and has been assented to by the debtor as correct, either expressly, or by implication of law from the failure to object.

Abbott's Trial Evidence, page 458, says: "An account stated is an agreement between persons who have had previous transactions fixing the amount due in respect of such transaction, and promising payment." Chitty on Contracts, page 458, says: "It must appear that at the time of accounting there existed some demand between the parties respecting which an account was stated, that a balance was then struck and agreed upon, and that the defendant expressly admitted that a certain sum was then due from him as a defendant." (See also Greenl. Ev., sec. 126.) As defined by Lord Mansfield, an account stated is an agreement by both parties that all the articles in the account are true. (*Trueman* v. *Hurst*, 1 Term Rep. 40.)

To make an account stated, there must be a mutual agreement between the parties as to the allowance or disallowance of their respective claims, and to establish such an account so as to preclude a party from impeaching it, save for fraud or mistake, there must be proof of assent to the account as rendered, either express or implied, from failure to object within a reasonable time. (*Stenton* v. *Jerome*, 54 N. Y. 480.)

An account rendered and delivered to the debtor, exhibiting the creditor's demand, unless objected to within a reasonable time, becomes an account stated. But merely rendering an account does not make it an account stated; or where it is simply rendered by one party against another, it is not an account stated between the parties. (*Spangler* v. *Spangler*, 22 Pa. St. 454.)

The great majority of cases refer or cover accounts rendered, followed by a failure to object thereto. In such

cases, the agreement is implied from all the circumstances, and in particular from failing to dissent within a reasonable time.

As stated in *Toland* v. *Sprague,* 12 Pet. 335: "The mere rendition of an account does not make it a stated one, but if the other party receives the account, admits the correctness of the items, claims the balance, or offers to pay it, as may be in his favor or against him, then it becomes a stated account." Nor did the court think it "important that the account was not made out as between the plaintiff and defendant," but the plaintiff having received it, having made no complaint as to the items or the balance, . . . . thereby adopted it, and by his own act treated it as a stated account." But in all such cases, there must be proof in some form of an express or implied assent to the account rendered by one party to another before the latter can be held to be so far concluded that he can impeach it only for fraud or mistake.

Said Folger, C. J.: "This is strictly a cause of action on an account stated. It is that, and nothing else. To maintain the action as averred in the complaint, the plaintiff must prove an account stated; that, and nothing else, will support his allegation. An account stated is an account balanced and rendered, with an assent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance. (*Barr* v. *Barr,* 8 Pick. 187.) . . . . The emphatic words of a count upon an account stated were, in former days, *insimul computassent,*—that they, the plaintiff and defendant, accounted together; and the court went on to say that on such accounting the defendant was found in arrear and indebted to the plaintiff in a sum named, and being so found in arrear, he undertook and promised to pay the same to the plaintiff. (2 Chitty's Pleading, 90; 1 Chitty's Pleading, 358.)" *Volkening* v. *De Graft,* 81 N. Y. 271.)

From all this, to constitute an account stated it must appear that the plaintiff and defendant accounted together on their mutual demands, or of the demands of the plaintiff against the defendant, and upon the accounting there was found due to the plaintiff from the defendant the amount claimed. It will be noted, then, that the account stated relates to some previous transactions or dealings between the parties, or to some article or articles formerly sold by one to the other, and that the relation of debtor and creditor already exists between them, and that subsequently to such transactions there is a mutual agreement between them as to the allowance or disallowance of their respective claims, and striking of a balance or agreement as to the amount due, or some other assent, either expressly or fairly to be implied from the circumstances, as failure to object within a reasonable time from the presentation of the account. The idea is, that there was an agreement between the parties, founded upon an examination of the transactions embraced, either active or presumptive. It is said to be in the nature of a new promise, but the consideration of the promise is the stating of the account.

Now, the admitted facts as stated show that the original contract of sale included as part of its terms the giving of the order as aforesaid, and that when the stump-puller and bill for the same were forwarded by the plaintiffs to their agent, and the defendants were notified of its arrival, and the bill presented to them, that they, in fulfillment of such contract as made by Owen, gave the order on Patrick to pay the plaintiffs as soon as that much was due them for their work. Here there was no accounting, —no meeting of the minds of the parties upon some previous transaction, and the stating of an account, involving something in the nature of a new promise; but what was done was done, not only as a part and parcel of, but in

fulfillment of, the original contract. Nor was the order given as an admission *then* of an amount due from a past transaction,—a machine formerly sold,—but as a part of the original transaction itself, and in execution of the agreement, upon their part, in respect thereto. More: it was given not only as a part of such original transaction, but at a time when the claim was not due according to the contract, or the bill presented as explained by the agent.

Upon the undisputed facts as disclosed by this record, the court committed no error in rejecting the evidence and directing the verdict as already stated.

It follows that the judgment must be affirmed.