## VANBEBBER v. PLUNKETT.

[S. C. 38 Pac. 707; — L. R. A. ——.]

1. WHEN IT IS THE DUTY OF THE COURT TO GRANT A NONSUIT.—The court is the exclusive judge of the competency of evidence; but where there is any competent testimony, however slight, the party is entitled to go before the jury on its sufficiency,— and conversely, where there is a total absence of competent testimony on a material allegation of a pleading the court ought to take the case from the jury on motion of the opposing party: *Grant* v. *Baker*, 12 Or. 331; *Herbert* v. *Dufur*, 23 Or. 461; *Brown* v. *Oregon Lumber Company*, 24 Or. 317, cited and approved.*

2. ACCOUNT STATED — UNLIQUIDATED DAMAGES.— A promise to pay a certain sum in settlement of a claim for unliquidated damages cannot be the basis of an action as for an account stated, for there has been no agreement between the parties concerning a debt due and owing: *Truman* v. *Owens*, 17 Or. 523, cited and approved.

APPEAL from Benton: J. C. FULLERTON, Judge.

Action by L. Vanbebber against James and Ashnah Plunkett as for an account stated. At the trial in the court below, when plaintiff had rested his case, upon motion of defendant Ashnah Plunkett a judgment of nonsuit was rendered in her favor from which the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by Messrs. *John Kelsay* and *W. S. McFadden.*

For respondents there was a brief and an oral argument by Mr. *Walter S. Hufford.*

Opinion by MR. JUSTICE WOLVERTON.

The evidence offered tended to show that on or about the thirteenth day of January, eighteen hundred and

* Note also *Hedin* v. *Suburban Railway Company*, 26 Or. 156, paragraph 3, and *Wallace* v. *Suburban Railway Company*, 26 Or. 174, paragraph 1.— REPORTER.

eighty-six, the plaintiff exchanged with defendants a sixty-eight-acre tract of land for a certain other sixty-eight-acre tract belonging to the defendant Ashnah Plunkett; that there was a difference in the value of the said tracts in plaintiff's favor; and that for the purpose of making up said difference the defendants agreed to build and construct for plaintiff about three fourths of a mile of fencing, sixty to eighty rods of which was to be of boards and posts, and the balance to be of the kind commonly known as a "worm fence." The defendants having failed and neglected to construct the fence, the plaintiff had it built by one J. R. Mays, whom he paid therefor. The plaintiff, testifying in his own behalf, said, among other things, "that on or about the first day of June, eighteen hundred and eighty-nine, at the Occidental Hotel, in Corvallis, Oregon, the defendant James Plunkett agreed that we will pay you three hundred dollars for that fence (referring to the fence in the contract growing out of the exchange of lands), and that he (plaintiff) assented to said proposition to accept the three hundred dollars for the said fencing and in payment therefor." One L. Haskins, a witness for plaintiff, testified that he was present at the Occidental Hotel at the time referred to by plaintiff, and "that he heard the plaintiff ask defendant James Plunkett what they were going to do about that fencing, and that Plunkett stated, 'we will pay you three hundred dollars for that fencing built by the Mays,' and that plaintiff assented thereto." Hiram Wood testified that in the year eighteen hundred and ninety James Plunkett said to him "We have settled with Uncle Van (referring to plaintiff) for the fencing built by John Mays, and we are to pay him for it." And one Mrs. Kiser testified that during the the summer of eighteen hundred and ninety, or about that time, at her father's house in King's Valley, defendant Ashnah Plunkett, in speaking of the fence built by said

Mays, stated, in effect: "We have settled with the plaintiff for that fencing built by the Mays', and are to pay him (Vanbebber) for it."

1.   The foregoing is substantially all the evidence adduced by plaintiff, and the counsel for defendants contend that it was insufficient to go to the jury to charge defendant Ashnah Plunkett in an action upon an account stated, and, consequently, that the judgment of nonsuit was properly granted.   "A motion for a nonsuit," says LORD, C. J., in *Brown* v. *Oregon Lumber Company*, 24 Or. 317, 33 Pac. 557, "is in the nature of a demurrer to the evidence; it admits not only all that the evidence proves, but all that it tends to prove.   The evidence given for the plaintiff must be taken to be true, together with every inference of fact which the jury might legally draw from it.   Whether there is any evidence tending to prove the material allegations upon which a cause of action is based is a question of law for the court, but whether a given amount of evidence is sufficient to sustain such allegations is a question of fact for the jury.   When there is no evidence tending to sustain the plaintiff's cause of action, it is the duty of the court to grant the nonsuit, and withdraw the case from the jury."   See also *Herbert* v. *Dufur*, 23 Or. 467, 32 Pac. 302.   SHATTUCK, J., in *Tippin* v. *Ward*, 5 Or. 453, says: "A case should be submitted to the jury, unless there is an entire lack of evidence tending to maintain the issues on behalf of the plaintiff, or unless, upon the whole case made by the plaintiff himself, it appears beyond doubt that the plaintiff has no right to recover": *Southwell* v. *Beezley*, 5 Or. 458, and *Grant* v. *Baker*, 12 Or. 331, 7 Pac. 318. The doctrine now established by precedents has come to this: The court is the exclusive judge of the competency of evidence offered to prove a fact under the issues.   If competent, and its tendency, however slight, is to prove such fact, the jury ought to have it, as they are the exclu-

sive judges of its sufficiency.   Hence a total failure of competent proof of some material allegation of the complaint will entitle the court to withdraw the case from the jury and grant a nonsuit on motion of defendant: *Grant* v. *Baker*, 12 Or. 331, 7 Pac. 318.

2.   The question now recurs, was it competent for the plaintiff to prove, under his declaration upon an account stated, the facts set forth in his bill of exceptions?   Or, in other words, was the evidence introduced competent to support his cause of action as stated?   This involves an examination of the question as to whether the facts of the case, giving them the full force claimed by plaintiff, constitute an account stated.   The prior liability of the defendants to plaintiff was upon contract, and for breach thereof.   The defendants had failed to construct certain fencing which they agreed to make, for which failure they became liable in damages.   This, be it understood, was the nature of defendants' prior liability to plaintiff. Now it is claimed that there was an account stated about July first, eighteen hundred and eighty-nine, of the differences existing between plaintiff and defendants, and that defendants undertook and agreed to pay plaintiff an ascertained balance of three hundred dollars, the amount which plaintiff had paid to Mays for constructing said fencing.   This is the foundation of the present action. "When two persons, having had monetary transactions together, close the account by agreeing to the balance appearing to be due from one of them, this is called 'an account stated.'   It is of importance from the fact that it operates as an admission of liability by the person against whom the balance appears; or, in the language of the common law, 'the law implies that he against whom the balance appears has engaged to pay it to the other; and on this implied promise or admission an action may be brought' ": 1 Am. and Eng. Ency. 110.   WELLS, J , in

*Chace* v. *Trafford,* 116 Mass. 529, 17 Am. Rep. 174, says:
"An account stated is an acknowledgment of the existing
condition of liability between the parties. From it the
law implies a promise to pay whatever balance is thus
acknowledged to be due. It thereby becomes a new and
independent cause of action so far as that a recovery may
be had upon it without setting forth or proving the separ-
ate items of liability from which the balance results." And
Mr. Greenleaf says: "The admission must have reference
to past transactions, that is, to a subsisting debt, or to a
moral obligation, founded on an extinguished legal obli-
gation to pay a certain sum": 2 Greenleaf on Evidence,
§ 126. "An account stated is commonly called an ad-
mission of a debt; but it is merely evidence of it": *Re
Laycock* v. *Pickles,* 4 B & S. 504. LORD, J., in *Truman* v.
*Owens* 17 Or. 527, 21 Pac. 665, after citing many authorities,
concludes that "to constitute an account stated it must
appear that the plaintiff and defendant accounted together
on their mutual demands, or of the demands of the plain-
tiff against the defendant, and upon the accounting there
was found due the plaintiff from the defendant the amount
claimed. It will be noted, then, that the account stated
relates to some previous transactions or dealings between
the parties, or some article or articles formerly sold by
one to the other, and that the relation of debtor and
creditor already exists between them, and that, subse-
quently to such transactions, there is a mutual agreement
between them as to the allowance or disallowance of their
respective claims, and striking of a balance, or agreement
as to the amount due, or some other assent, either ex-
pressly or fairly to be implied by the circumstances, as
failure to object within a reasonable time from the pres-
entation of the account. The idea is that there was an
agreement between the parties, founded upon an exami-
nation of the transactions, either active or presumptive."

In *Whitwell* v. *Willard*, 1 Met. (Mass.), 216, plaintiff brought an action of trespass against Willard, who was sheriff of the county, for the alleged nonfeasance of one A. Matthews, his deputy, in not properly seizing, keeping, and disposing of a large amount of property, consisting of divers and sundry items of different values, upon execution then in the hands of the officer. A motion was made that an auditor be appointed by the court under the statute to state the account. SHAW, C. J., in passing upon the question, said: "The primary idea of account, *computatia*, whether we look to proceedings of courts of law or equity, is some matter of debt and credit between the parties. * * * But in this action the plaintiffs charge the defendants' deputy with a tort, a nonfeasance, and breach of duty. There is no relation of debtor and creditor, no relation of responsibility for money or property intrusted by one to another, either in fact or in law," and consequently refused the appointment of an auditor. It would seem that an account stated should be the result of computation between the parties concerning monetary transactions, or debts in the restrictive sense, as distinguished from liabilities and demands, either existing reciprocally or entirely upon the one side or the other. As to the ascertained balance, the law implies a promise to pay and an action is maintainable thereon. The promise is new in its nature, and the consideration therefor is the stating of the account. What existed before as an account between the parties is now an account stated, and in an action thereon it is not necessary to inquire as to particular items which go to make it up. To maintain the action as averred, the plaintiff must prove an account stated; that and nothing else will support his allegations: *Volkening* v. *DeGraaf*, 81 N. Y. 271. An account may, however, be stated with reference to a single item, but that item must consist of a debt then due and owing: 2 Chitty on Contracts, 962; *Tucker* v. *Bar-*

*row*, 7 Barn. & C. 625; *Whitehead* v. *Howard*, 6 Eng. Com.
L. 187.   In *Lubbuck* v. *Tribe*, 3 Mees. & W. 612, Lord ABIN-
GER, C. B., said: ''It is only when you come to look at the
facts on which the promise was made that you are enabled
to see whether it is an account stated or not.   Here there
was nothing due from the defendant to the plaintiff at all:
the only thing in respect of which they had a claim upon
him was upon his promise, and they might have had an
action against him for not performing that promise, be-
cause, no doubt, it was made upon a good and sufficient
consideration; but it was not in the nature of any debt due
from one to the other at all,'' and held that an action upon
account stated would not lie.   See also *Gough* v. *Findon*,
7 Welsb. H. & G. 48.   So it is with regard to the ordinary
account stated, as distinguished from an express settle-
ment of cross demands, it must consist of moneyed transac-
tions or debts; and when there has been a statement of the
account a promise to pay the ascertained balance arises by
implication if no express undertaking is entered upon at
the time.

Recurring to the facts of this case, it is apparent that
the obligation of the defendant to construct the fence in
question was not a debt due and owing from the defend-
ants to plaintiff; it was merely a demand for unliquidated
damages for breach of contract, and hence was not a
proper subject upon which to base an account stated.
To test the question as to the correctness of this conclu-
sion, suppose the plaintiff had sued the defendants upon
their agreement to build the fence, and for damages for
their default.   Would it be a good defense to plead an ac-
count stated with reference thereto, without also showing
payment of the amount found to be due?   In other words,
is the mere statement of the account as alleged a discharge
of the old cause of action for breach of contract?   Un-
mistakably not.   And inasmuch as a new cause of action

is not given until the old is discharged, it follows that the action upon an account stated cannot be maintained. The alleged account stated amounts to an accord, but an accord without satisfaction is no defense to the original action; an accord with satisfaction, however, gives a new action and the old is barred. "A claim or demand may be satisfied by the party liable delivering, paying, or doing, and the claimant accepting, something different from that which was owing or claimed, if the parties so agree. It is a substantial payment. When such agreement is executed,—carried ·fully into effect,—the original demand is cancelled, completely satisfied, and extinguished. It is thus discharged by what the law denominates accord and satisfaction. It is a discharge of the former obligation or liability by receipt of a new consideration mutually agreed on": 1 Sutherland on Damages, 425. Again, suppose the plaintiff had sent to defendants a statement in writing of his claim against them for three hundred dollars for building this fence, and the defendants had retained it an unreasonable or any length of time without objection, would a promise to pay such sum arise by implication? Undoubtedly not. If such were the rule it would be an easy matter for any claimant to convert an action for unliquidated damages, whether arising from contract or tort, into an action upon a money demand, wherein it would not be permissible to inquire into the original cause of action. Every person against whom such a claim is made would be compelled to be constantly on the alert, and make due and timely objection, in order to prevent an undue advantage being taken of him. The doctrine of an account stated cannot be carried to this extent. A single item not of a debt due and owing, but of an unliquidated claim of damages for the breach of a parol or simple contract, can not form the basis of an account stated. The lower court

therefore properly granted the nonsuit, and its judgment is affirmed.    AFFIRMED.