## W. F. PARKER & SON *v.* R. N. CLEMONS.

Special Term at Rutland, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 24, 1908.

*General Assumpsit—Common Counts—Account Stated—Nature and Scope—Assumpsit on Promise to Pay Damages Due to Tort—Not Maintainable.*

All the common counts are founded on implied promises to pay money in consideration of antecedent debts.

An account stated is confined to matters of debt and credit, or demands in the nature of debt and credit, for which one party is responsible to another in contract, express or implied.

The facts that certain of plaintiff's goods were damaged by defendant's negligence; that, when told that the goods would have to be sent away for repairs, defendant promised plaintiff to pay the damage when its amount was ascertained, and later, when presented with the bill for repairs, promised plaintiff to pay it, disclose a liability in tort only, and do not render defendant liable in general assumpsit in the common money counts.

GENERAL ASSUMPSIT in the common money counts. Plea, the general issue. Trial by court at the March Term, 1907, Rutland County, *Waterman*, J., presiding. Judgment for the plaintiffs. The defendant excepted. The opinion states the case.

*Lawrence & Lawrence* and *B. L. Stafford* for the defendant.

"No one can consistently claim that under the general count for money had and received a recovery may be had for the use and occupation of lands, or that under a general count for goods, wares, and merchandise a recovery may be had for money paid, laid out and expended." *Wertheim, Admx.* v. *Fidelity & Casualty Co.*, 72 Vt. 326; *Beech* v. *Dorwin*, 12 Vt. 139; *Estabrook* v. *Fidelity Mut. Fire Ins. Co.*, 74 Vt. 202.

*William H. Preston* for the plaintiffs.

A compromise or settlement of a disputed claim or controversy, made *bona fide,* is a good consideration for a promise, though it should ultimately appear that the claim was wholly unfounded. *Brandon* v. *Jackson*, 74 Vt. 78; *Bellows* v. *Sowles*, 55 Vt. 391; *Grandin* v. *Grandin*, 9 Atl. 756.

TYLER, J. Assumpsit with common counts; plea, the general issue. It appeared by an agreed statement of facts that the defendant was manager of a telephone company and was engaged, with an assistant, in wiring a business block in Fair Haven; that while so engaged the assistant, in the defendant's

absence from the room, accidentally overturned a jar of chemical fluid; that the fluid ran out, leaked through the floor into the plaintiff's jewelry store and injured various articles therein. The defendant was not employed by the telephone company, but was in charge of the work at the request of the son of the owner of the block, and the assistant was also employed by him. When the plaintiff discovered the injury to his goods he sent for the defendant, showed them to him and informed him that part of them would have to be sent away to be repaired. The defendant then promised the plaintiff that he would pay him the amount of the damage when he ascertained what it was. The plaintiff had the goods repaired, showed the bill therefor to the defendant, who at first agreed to pay it, but afterwards refused unless the owner of the block would pay one-half, which the latter would not do.

No question was made in the argument other than whether a recovery could be had under any of the common counts.

It is clear that the "work and labor performed" upon the goods were for the plaintiff and not for the defendant, and the same is true in respect to "money laid out and expended." Indeed, all the common counts are founded on express or implied promises to pay money in consideration of antecedent debts.

This case does not fall within either of the first three divisions made in the text-books,—*indebitatus assumpsit, quantum meruit, or quantum valebant.* The plaintiff contends that the count for an account stated will lie, but we think that his demand does not fall within the definition of an account. It was said by Chief Justice Shaw in *Whitwell* v. *Willard,* 1 Metc. 216, that the primary idea of account *computatio,* is some matter of debt and credit, or demands in the nature of debt and credit, between parties; that it implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation. It is doubtless true, however, that it would be sufficient to come within the definition if the accounts were all on one side, provided the amount were agreed to by the parties. *Langdon* v. *Roane's Admr.,* 41 Am. Dec. 60 and note.

The form adopted by Chitty and ever since followed is. that, "the defendant accounted with the plaintiff of and concern-.

ing divers sums of money before then due from the defendant to the plaintiff and then in arrear and unpaid, and that upon such accounting the defendant was found to be in arrear to .the plaintiff in a named sum, and that being so found in arrear and indebted, the defendant in consideration thereof undertook and faithfully promised,'' etc., and the allegation of the breach in this as in the other common counts is: ''Yet the defendant, not regarding his said promises, * * * *, hath not, although often requested, as yet paid said sum of money,'' etc.

Bouvier defines ''account stated'' as an agreed balance of account. It was held in *Comer* v. *Way,* 107 Ala. 300, 54 Am. St. Rep. 93, that an account stated is an account balanced and rendered, with an assent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance. See, also, 2 Ency. Pl. & Pr. 1024.

We also refer to some of the earlier authorities. It is said in 1 Saund. Pl. & Ev. 5th ed., page 47, in respect to a recovery upon this count, that it must be proved that the account was ''of money or a debt.'' It is also there said that an account stated does not alter the nature of the original debt. It was held in *Knowles* v. *Mitchell,* 13 East 249, that an admission by the defendant that a certain sum was agreed to be paid to the plaintiff for the sale of standing trees, made after the trees had been felled and taken away by the defendant, would support a count upon an account stated. It was decided in *Whithead* v. *Howard,* 5 Moore 105, cited in Saunders, that a recovery could not be had upon this count because there was no existing antecedent debt due from the defendant to the plaintiff. *Willis* v. *Jernegan,* 2 Atk. 251; *Peacock* v. *Harris,* 10 East 106.

If the defendant in the present case was primarily liable to the plaintiff it was in an action of trespass on the case for a tort. The damages consequent upon the wrongful act were not a proper subject of book account and were not treated as such by the plaintiff. He paid for the repairs and took receipted bills for such payments.

The plaintiff relies upon this sentence in the opinion in *Powers* v. *Insurance Co.,* 68 Vt. on page 396, 35 Atl. 333, ''It is unnecessary, in order to support this count, (account stated) to show the nature of the original debt, or prove the specific

items constituting the account, but it must appear that at the time of the account a certain claim existed, of and concerning which an account was stated.'' That the Court was not considering the right of a party to recover for a tort in an account stated is apparent from the fact that the plaintiff in that case was seeking to recover upon an insurance contract and an amount that he claimed had been agreed upon.

*Bradley* v., *Phillips,* 52 Vt. 517, is distinguishable from the present case. There the parties, being owners of adjoining lands, each had cut logs over the line on the other's land. They settled by an agreement that each should pay the other at specified rates for the logs taken, and the plaintiff had paid the defendant. But the latter, though having taken the property and having promised to pay for it and having induced the plaintiff to pay for what he had taken, refused to pay the plaintiff. The Court held that the question was one purely of contract; that the defendant's agreement was to pay the plaintiff for what logs he had taken; that nothing remained for him to do but pay over the money, and that the plaintiff could recover upon the common counts. The defendant's liability was the same as if he had bought the logs and promised to pay the plaintiff for them. The parties, in legal effect, waived their respective claims for torts, settled their claims and promised to pay each other the sums agreed upon for the logs each had taken, whereupon each became the other's debtor. In the case before us the defendant did not become the plaintiff's debtor, and upon the authorities he cannot recover upon the count for an account stated.

*Judgment reversed and cause remanded.*