Submitted on brief February 2, affirmed February 8, 1916.

## MOWREY *v.* BOUTON.

### (154 Pac. 897.)

**Appeal and Error—Question Presented for Review not in Bill of Exceptions.**

1. Where objection was made to a question on cross-examination and the bill of exceptions did not disclose whether such question was ever answered the appellate court will be unable to say whether or not plaintiff was injured by failure of the court to sustain the objection.

**Appeal and Error—Rulings of Court on Objections—Offers of Proof—Exceptions.**

2. Where the court sustains objections to questions asked by appellant and where there was a failure by counsel to inform the court as to what the answers were expected to disclose, it is the rule that in order to make the alleged errors subject to review, the bill of exceptions must disclose what it was expected to prove by the answers to such questions, and hence if any error was committed in the case at bar it has not been made available on appeal—citing *Kelly* v. *Highfield*, 15 Or. 277 (14 Pac. 744).

From Multnomah: GEORGE N. DAVIS, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

This is an action by A. M. Mowrey against E. F. Bouton and L. J. Breslin, to recover damages for fraudulent representations, whereby it is alleged that plaintiff was induced to purchase shares of stock in a corporation which was insolvent, and whose stock was worthless. Upon a trial there was a verdict and judgment for defendants, from which plaintiff appeals.

AFFIRMED.

For appellant there was a brief prepared and filed over the names of *Mr. Percy C. Stroud, Mr. F. W. Tempes* and *Mr. H. E. Collier.*

For respondents there was a brief submitted by *Mr. Frederic H. Whitfield* and *Mr. George B. Simpson.*

MR. JUSTICE BENSON delivered the opinion of the court.

The assignments of error, of which there are six, are not at all satisfactory, being vague and indefinite, but we have examined the bill of exceptions with great care, and shall consider them as fully as may be necessary to a determination of the question presented.

1. The second assignment complains of the action of the court in permitting the defendants to ask the following question of the plaintiff upon cross-examination:

"You were offered a chance, were you not, after they finally forced it into bankruptcy, to go in with the other members of the company and buy up the assets?"

If this question was ever answered, the bill of exceptions does not disclose the fact, so we are unable to say whether or not plaintiff was injured by the ruling of the court.

2. As to the other assignments, it is sufficient to say that they all attack the rulings of the court in sustaining objections to questions asked by plaintiff, and in every instance there was a failure upon the part of counsel to inform the court as to what the answer was expected to disclose, and the questions themselves do not indicate the reply to be anticipated. This court has held in a number of cases beginning with *Kelley* v. *Highfield,* 15 Or. 277 (14 Pac. 744), that to make such exceptions available the bill of exceptions must show what it was expected to prove by the answer to the question.

The judgment of the trial court is therefore affirmed.

AFFIRMED.