Argued at Pendleton October 29, reversed and remanded November
26, 1918.

## JOHNSON *v.* STILLWELL.

(176 Pac. 123.)

**Pleading—Variance—Recovery for Tort on Pleading Contract.**

1. Where complaint is based upon a right of action *ex contractu,*
plaintiff cannot recover upon proof of a right of action *ex delicto.*

**Pleading—Legal Conclusion.**

2. In an action for breach of contract to care for livestock, allega-
tion that defendant negligently violated the terms of his agreement
was a legal conclusion.

**Trial—Instructions.**

3. Where plaintiff alleged two causes of action, the first being for
balance under contract whereby plaintiff and defendant wintered
livestock together, and the second being for breach of contract to
care for cattle, instruction that plaintiff was bound by an account
stated, provided there had been a settlement, being inapplicable as
defense to second cause of action, and being so stated as to apply
to both as a defense, was improper.

**Account Stated—Unliquidated Damages.**

4. A claim for unliquidated damages cannot be the basis of an
account stated.

[As to the definition and elements of accounts stated, see note
in 62 Am. Dec. 85.]

From Union: JOHN W. KNOWLES, Judge.

In Banc.

This is an action for damages for the breach of a
contract. There are two causes of action set out in
the complaint. The first recites an agreement be-

tween plaintiff and defendant whereby they were to winter their livestock together during the season of 1917–18, which was done, and that under the terms of the contract, defendant is still indebted to plaintiff in the sum of $254.88.

The second cause of action recites that on May 1, 1917, plaintiff delivered to defendant 186 big cattle and 39 branded calves to be by him safely and securely grazed upon his lands; that defendant was to employ sufficient help to properly salt, care for and keep the cattle upon such grazing lands, and furnish the salt; that he should not permit any sheep to be grazed thereon, or more than 700 head of cattle, exclusive of calves; that defendant should not permit any cattle except the limit of 700 head to graze upon his inclosed pasture lands, and these only at gathering time, to meet deliveries. It is alleged that upon the foregoing terms the plaintiff's cattle were delivered to defendant who was to receive 50 cents per head per month for such pasturage and care. Then follow averments to the effect that about November 1, 1917, plaintiff demanded the return of his cattle and their increase, but defendant has delivered only 174 head of big cattle and only 25 branded calves; that defendant violated the agreement by pasturing 1,700 cattle and two bands of sheep on the lands, and pasturing the inclosed lands with other stock to such an extent as to cause loss of flesh of plaintiff's large animals, and a retarded growth of his calves to his damage in the sum of $1,600. It is then alleged that:

"It was through the negligence and carelessness of said defendant that the said 12 head of big cattle and 14 head of branded calves were lost to plaintiff, and defendant negligently failed and refuses to locate and return the same to plaintiff, to plaintiff's damage in

the sum of $60 per head for said 12 head and $30 per head for said 14 head, a total of $1,140.

"That the damage both in loss of said cattle and branded calves and in the loss of flesh of all the cattle returned resulted from the willful, careless misconduct and improper disregard of the terms and conditions on which said defendant accepted said cattle for grazing purposes on the part of said defendant."

The answer admits that the parties jointly cared for their cattle during the winter of 1916–17, and denies all other allegations of the first cause of action, except as thereafter stated, and then follows the plea of an account stated, whereby it was agreed that there was a balance of $474 due from plaintiff to defendant. As to the second cause of action, after similar denials, defendant again pleads a settlement of accounts and concludes with a prayer for judgment against plaintiff in the sum of $474. A reply, consisting of a general denial was filed, a trial was had to a jury, resulting in a verdict and judgment for defendant in the sum of $319.12, from which plaintiff appeals.        REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. O. B. Mount* and *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Mount.*

For respondent there was a brief and an oral argument by *Mr. Charles H. Finn.*

BENSON, J.—The first assignment of error is based upon the following recital in the bill of exceptions:

"Townley was called as a witness on behalf of plaintiff and testified that he had 183 head of cattle on this range in 1917 which were mingled with plaintiff's, and being asked if defendant agreed to return his cat-

tle or pay the value thereof if not returned on demand and to state the terms of such agreement as to said guaranty, if any, to which question the defendant objected as incompetent, irrelevant and immaterial, and the objection was sustained by the court and an exception was duly allowed.''

This constitutes the entire record upon this point. There is no statement made by the attorney for plaintiff as to what facts he expected to elicit in the answer. In *Kelley* v. *Highfield,* 15 Or. 277, 282 (14 Pac. 744, 746), we find this language:

''The exception taken to the refusal of the court to allow the witness Fred Meyer to answer the question propounded to him is not available. The witness did not answer, and it nowhere appears from the bill of exceptions what fact appellant expected to elicit by the question. To make this exception available the bill of exceptions ought to have gone further and shown what it was expected to prove by the answer to this question.''

This ruling has been reiterated many times by this court, the latest being in *Mowrey* v. *Bouton,* 79 Or. 182 (154 Pac. 897).

The court instructed the jury to the effect that unless plaintiff had established by a preponderance of the evidence, that there was a contract, wherein defendant agreed to take plaintiff's cattle to pasture and guaranteed the safe return thereof, there could be no recovery for the loss of stock. The court also refused an instruction requested by plaintiff as follows:

''If you find that defendant did not agree to limit the number of cattle on this range for the year in question, or the kind of stock to be ranged thereon for such season, or did not agree to salt it for the stock thereon, or did not agree to make good any loss, and only accepted the same at the owner's risk, the defendant is still liable to plaintiff and plaintiff is entitled

to recover, if you find that defendant was guilty of negligence.''

1. The conflict between the instruction given and the one refused presents the next question for our consideration. It is a settled doctrine that a plaintiff may not base his complaint upon a right of action *ex contractu,* and recover upon proof of a right of action *ex delicto:* Pomeroy's Remedies and Remedial Rights, § 558.

2. The complaint in the present case so far as the second cause of action is concerned, is based exclusively upon alleged breaches of a contract. It is true that plaintiff asserts that defendant negligently violated the terms of his agreement, but the manner of this allegation amounts to no more than a conclusion of law. The pleading is very different from that of *Pilson* v. *Tip-Top Automobile Co.,* 67 Or. 528 (136 Pac. 642), upon which plaintiff seems to rely, since in that case, as the writer of the opinion points out, the gravamen of the complaint is not the breach of the contract in removing the car to another garage, but the negligence of defendant in permitting snow to accumulate upon the roof of the building in which the car was stored. There was no error in the action of the trial court upon this subject. Plaintiff's complaint is so framed that he is not entitled to recover thereon except by proof of a breach of contract.

It is also urged that the court erred in giving to the jury this instruction:

''I instruct you that if you find from the preponderance of the testimony that plaintiff and defendant met on or about the 15th day of February, 1918, or thereabouts, and agreed upon the facts and the relative claims of each against the other and about this stock, and it was fairly understood between them that it was a settlement without condition, then the plaintiff is

bound thereby and your verdict must be for the amount agreed upon between them, and in favor of the party in whose favor said settlement was made.''

3, 4. In considering the propriety of this charge, it must be kept in mind that there are two causes of action set out in the complaint: (1) an alleged balance due to plaintiff from defendant upon the joint adventure of wintering their stock, together with an item of $90 for a stopover bill of lading. If this had been the only claim of plaintiff, the instruction might very properly have been given. But the second cause of action is a claim for unliquidated damages for various breaches of an alleged contract, and the instruction is so framed as to apply to both as a defense. In the case of *Vanbebber* v. *Plunkett,* 26 Or. 562 (38 Pac. 707, 27 L. R. A. 811), Mr. Justice WOLVERTON, in an able and exhaustive opinion, discusses the availability of a plea of account stated in such a case and arrives at the conclusion that a promise to pay a certain sum in settlement of a claim for unliquidated damages cannot be the basis of an account stated. This case has been cited with approval in *Pudas* v. *Mattola,* 173 Mich. 189 (138 N. W. 1052, 45 L. R. A. (N. S.) 534). We conclude, therefore, that the court erred in giving this instruction. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

HARRIS, J., absent.