## BITTNER v BOYAJOHN & BARR, INC

Ohio Appeals, 2nd Dist, Franklin Co

No 2457. Decided March 4, 1935

B. B. Bridge, Columbus, and James E. Hale, for plaintiff in error.

Luther Boger, Columbus, and J. Maxwell Maher, Columbus, for defendant in error.

**OPINION**

·By HORNBECK, J.

A number of legal propositions were urged in the trial court and others are presented here. It is conceded by plaintiff that some of the propositions advanced in the trial court were properly determined against the plaintiff, namely, that the plaintiff did not have in his service three or more workmen regularly in the same business within the meaning of §§1465-60 and 1465-61 GC, and that Perkins was not an employee of plaintiff, but it is further urged here that Perkins was not employed by the plaintiff under a contract for hire. We are satisfied that the trial court was well within its province ·in holding against the plaintiff on this claim inasmuch as it is conceded that Perkins was an employee of the plaintiff subcontractor engaged in his business at the time he was injured.

It is further claimed that the contractor was not legally damaged by Perkins' injury because the element of damage constituting the claim of the defendant was not in contemplation of the parties when they contracted with each other. The written contract between the parties provided, among other things, that plaintiff would in the conduct of his work as subcontractor carry Workmen's Compensation as required by laws of the State and would protect the defendant "from the loss or liability on account of any accidents or damage." The increased rate of premium which· defendant·was required to·pay into the Workmen's Compensation Fund as insurance for its employees was under the testimony directly attributable to the compensation which was paid to Perkins·by reason of his injury. This by reason of the method of computation of the Commission demanded an added impost of carrying charge· against the defendant. We are of opinion that the dam-.age must be said to have flowed from a violation of the terms of the ·contract.

Finally, it is urged that inasmuch as plaintiff had rendered an account to the defendant ·of the amount claimed to be due and defendant had made a remittance thereon, indicated as "on account-·contract swimming pool," and at that time made no claim for the damages which were urged in this action, there had been an account stated between the parties.

We do not find that the trial court was given opportunity to pass upon this question. However, upon the record, we are satisfied that the ·defendant was not foreclosed by its action respecting the reception of account from the plaintiff and the payment of a part thereof, from asserting its damages. It is doubtful if the claim of the defendant in its status ·when the account of plaintiff was sent to defendant . and when it made remittance to the plaintiff was the subject of an "account stated." "The claim to be a basis for an account stated must be one which creates a..debt·in its restricted sense, as distinguished from a claim for unliquidated·.damages. The

latter cannot form the basis of an account stated." 1 C. J. 700. (Citing Pudas v Matteola (Mich.) 138 NW 1052, 45 L.R.A. (N.S.) 534; Van Bebber v Plunkett (Ore.) 38 Pac. 707; 27 L.R.A. 811; Parker v Clemon (Vt.) 68 A. 646).

We have examined the opinion of Judge King of the trial court and are in accord with his judgment and the reason therefor. We are not discussing cited authorities at length, because we do not believe there is any close question of law presented upon the petition in error.

The judgment will be affirmed.

KUNKLE, PJ, and BARNES, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 28, 1935

By THE COURT

Submitted on application for rehearing in which it is asserted that the court erroneously assumed that it was conceded by Bittner that Perkins was his employer within the meaning of §§1465-60 and 1465-61 GC.

The opinion inadvertently does make the statement to which counsel for plaintiff in error in the application direct attention. We appreciate that there was an issue on the question whether or not Perkins was an employee of Bittner, but the facts were clearly before the court and created an issue which was within the province of the court acting as a jury, to determine. We can not say that the finding against the plaintiff on this issue is manifestly against the weight of the evidence.

The application for rehearing will be overruled.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.